## GWATHNEY, DEY & CO. *v.* C. W. CASON.

In order to remove a contract for the sale of lands from the operation of the statute of frauds, there must be a writing signed by the party to be charged therewith, or by his agent thereto lawfully authorized, containing expressly or by implication all the materials of the contract.

*Therefore,* where B bid off a tract of land at an auction sale, and the auctioneer immediately went to his office, some two hundred yards distant, and in the absence of B began to prepare a deed, and had reached the *habendum,* when B came in and informed him that he would not comply with his bid; in an action brought by A, the owner of the land, sold at auction, to recover the amount of B's bid; *It was held,* That the requirements of the statute had not been complied with, and the plaintiff was not entitled to recover.

(The cases of *Cherry* v. *Long* Phil. 466; *Christian* v. *Nixon,* 11 Ired. 1; *Hardy* v. *McKesson,* 7 Jones 569, cited and approved.)

CIVIL ACTION, tried before *Eure, J.* at Fall Term, 1875, of the Superior Court of CHOWAN county.

In 1872, one Burton conveyed to the plaintiffs a house and lot in Edenton, N. C., to secure certain debts, and having

failed to pay the same, the trustees, on the 14th day of March, 1874, after due notice, &c., offered said lot for sale. On that day their agent, one Petteway, offered the interest of Burton in the lot for sale at public auction, and proclaimed to the bystanders the terms of the sale, the defendant being present. After several bids the interest of Burton was bid off and knocked down to the defendant for the sum of four hundred and eighty-six dollars.

There was no memorandum made at the time of the bidding, but immediately after the property was knocked down, the attorney of the plaintiff, Octavius Coke, Esq., went to his office, two hundred yards distant, and began to draw a deed therefor in the absence of the defendant, and when he had got to the *habendum*, he was informed that the defendant declined to comply with his bid, because he had been deceived by the plaintiff as to the title to the property. The deed however was drawn and tendered to the defendant on the day of sale, and the purchase money demanded, which he declined to pay.

This action was brought to recover the sum of $486, the purchase money for the lot.

Upon the trial his Honor intimated that the plaintiffs could not recover, because the agreement to purchase was void under the statute of frauds, whereupon the plaintiff submitted to a non suit and appealed.

*Walter Clark*, for the appellant.
*Gilliam & Pruden*, contra.

RODMAN, J. The only question presented in this case is, was the contract by defendant to purchase land, "or some note or memorandum thereof, put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized," as is required by the statute of frauds. Bat. Rev. chap. 50, sec. 10.

The contract was not signed by the defendant personally. It is properly admitted however, that upon a purchase of land at auction, a signature of the defendant's name by the auctioneer, in the presence of the defendant and with his consent, to any writing containing the terms of the sale, and stating him as the purchaser, will suffice. *Cherry* v. *Long*, Phil. 466.

Whether the auctioneer is authorized to sign the name of a purchaser not in his presence, and at an indefinite time after his bid has been accepted by the fall of the hammer, was discussed by the counsel. There are decided authorities that the signature must be strictly contemporaneous with the sale. *Mews* v. *Carr*, 1 Hurl. and Nor. 486, (S. C. 38, E. L. & E. R.) Browne on Statute of Frauds, sec. 352 *a*, 353. *Smith & Arnold*, 5 Mason, (C. C.) 419. *Walker* v. *Herring*, 21. Grat. 678 ; *Horton* v. *McCarty*, 53 Maine, 394.

But, without expressing any opinion on this point, we assume that the effect of what Coke wrote, is not impaired by the fact that it was written out of the presence of the defendant, and some short time after the bid of the defendant had been accepted.

The case states that immediately after the sale, Coke (the auctioneer) went to his office, about two hundred yards distant from the place of the sale, and began to draw a deed for the land to the defendant, and had proceeded as far as the *habendum*, when he was informed that defendant declined to comply with his bid for certain reasons, which he assigned. The deed was however drawn and tendered to defendant on the day of the sale, when he refused to accept it. The case states that a copy of the deed is annexed, but in fact, it is not. It was, however, conceded by counsel, that the deed was in the usual form. We may assume, therefore, that it professed to. be made between the plaintiffs and the defendant as parties of the first and second parts respectively ; that it recited the conveyance from Burton to plaintiffs, the sale, the bid of $486 by defendant and its acceptance by the auctioneer ; the pay-

ment of the consideration, and that plaintiffs conveyed the land to the defendant.

Two objections are made to this instrument as a compliance with the statute:

1. Before the sale the auctioneer announced orally its terms. But it does not appear that the terms, which it may be supposed should state the identity of the land, and either expressly or impliedly the estate of the vendor, as in fee or otherwise, whether the sale was for cash, with or without warranty, &c., had ever been put in writing and read or exhibited to the bidders before the sale. Although an auctioneer is authorized by a bidder to sign his name as purchaser to a contract previously written, or to a writing referring to such contract, it is argued that it does not follow that the auctioneer is authorized to write out, after the sale, the terms which he may remember or suppose to have been orally stated by him. No authority has been found to extend the agency of an auctioneer so far, and to do so would open the door to the uncertainty and perjury, which it was the design of the statute to exclude. This objection is sustained by the cases above cited. We conceive it however unnecessary to express any opinion on it, and state it merely to show that it has not escaped our notice.

2. Granting that Coke had authority as agent of the defendant, not only to sign defendant's name to a contract written and read or exhibited to him before the sale, but also to reduce the oral contract into writing after the sale ; yet what Coke wrote did not contain, or profess to contain, *all* the material terms of the contract, and did not profess to be written, and was not in fact written, as agent of the defendant or with any intent to bind him, and consequently it did not contain defendant's signature to a written contract in compliance with the statute. We think this objection a good one. If it were conceded that the defendant had no right to revoke the presumed agency of Coke, and that Coke had a right, notwithstanding the refusal of defendant to comply

with his bid, made known to him when he had reached the *habendum* clause in the deed he was drawing, to go on and finish his draft, yet it must be observed that the completed draft would not necessarily or usually contain *all* the material terms of sale. In executing a contract for the sale of land, it is held in this State, that it is the duty of the vendor to prepare and tender the deed of conveyance. *Christian* v. *Nixon*, 11 Ired., 1; *Hardy* v. *McKesson*, 7 Jones, 567. In the performance of this duty, Coke, as the agent of the plaintiffs, prepared the draft of a deed. The instrument when perfect was not to have been, or need not to have been signed by defendant. It was to be the act and deed of the plaintiffs alone. Consequently it did not contain any words to charge the defendant. When finished it would not contain *all* the material terms of the contract of sale, as to comply with the statute it must. *Brydell* v. *Drummond*, 11 East., 142; 10 Paige, 526; 13 Metc., 335. For example, it would usually recite that the consideration had been received, although in fact a credit had been given for it. But however it may be in the case of auction sales not within the statute, where the bidder is bound from the fall of the hammer, yet in the case of sales of land which are within the statute, we consider that the bidder cannot be bound until his signature is affixed to the contract of sale. This may be done by the auctioneer or his clerk immediately upon the fall of the hammer; but until it is done, the bidder must have a *locus penitentiæ*. Otherwise he is bound without his signature, contrary to the statute. *Pike* v. *Balch*, 38 Maine, 302.

It is needless to say that if the finished draft would not have bound the defendant, a draft which stopped at the *habendum* would not. The writing up to that point clearly did not profess to contain all the material terms of the contract of sale. It is the office of the *habendum* to state with precision the quantity of the estate conveyed. It may enlarge

or limit or qualify the estate granted in the premises, though it cannot be absolutely repugnant to it. Then follow the covenants for title, &c., if any have been contracted for. All these usual provisions in a contract are absent from the draft which Coke had written. There was clearly no written contract of sale; that is, no writing containing expressly or by implication all the material terms of the alleged contract signed by the party to be charged, or by his agent lawfully authorized thereto.

Our conclusion is supported by numerous authorities. *Stokes* v. *Moore*, 1 Cox, 219; 14 Johns, 15; *Givens* v. *Calder*, 2 Den., 171; *Horton* v. *McCarty*, 53 Maine Rep., 394; *Mews* v. *Carr*, 38 E. L. & Eq. Rep., 358; *Morton* v. *Dean*, 13 Metc. (Mass.) 385.

The cases cited by plaintiff's counsel are not cases of sale by auction, and hence have no application.

PER CURIAM.                              Judgment affirmed.