T. H. PROCTOR, Executor of J. B. SHELTON, v. S. G. FINLEY.

*Action of Debt—Purchaser of Land at Auction Sale—Highest Bidder—Auctioneer—Agent—Statute of Frauds—Memorandum of Contract—Jurisdiction—Justice of Peace—Harmless Error on Trial.*

1. An advertisement of sale of land at auction to the highest bidder is a proposition by the advertiser to sell at the highest bid, and the last and highest bidder accepts the offer and the contract is complete.

2. The auctioneer at a sale is the agent of the seller, and becomes the agent of the last and highest bidder to complete the sale by signing such contract or memorandum thereof as will meet the requirements of the Statute of Frauds.

PROCTOR *v.* FINLEY.

3. The Statute of Frauds does not require that a memorandum of sale be *subscribed* but only *signed;* hence, the signing by the auctioneer of the name of the highest bidder at an auction sale on the side of the printed advertisement, with an entry of the price bid, is a sufficient *signing* of the contract to bind the bidder.

4. A justice of the peace has jurisdiction of an action to recover the purchase price of land, if under two hundred dollars, where no foreclosure is sought.

5. Where a mortgagee advertised to sell the mortgagor's *interest* in a tract of land, the purchaser cannot evade payment on the ground that the mortgagee cannot convey a good title. (*Mayer* v. *Adrian,* 77 N. C., 83, distinguished).

6. Where, in an action of debt to recover the purchase price of land, the court erroneously permitted the plaintiff to show by his own parol evidence that he sold the land to the defendant, such error was cured by the subsequent proof of the sale by competent and uncontradicted evidence.

CIVIL ACTION, begun before a justice of the peace and tried on appeal before *Bryan, J.,* and a jury at Spring Term, 1896, of LINCOLN Superior Court. There was a verdict for the plaintiff and the defendant appealed from the judgment thereon. The facts and the assignments of error appear in the opinion of Associate Justice FURCHES.

*Mr. D. W. Robinson,* for plaintiff.

*Messrs. Justice & Finley* and *Jones & Tillett,* for defendant (appellant).

FURCHES, J.: This is an action commenced before a justice of the peace for $50, due for the purchase of land. The defendant pleads the general issue and the Statute of Frauds. The case discloses these facts: That Shelton was the mortgagee of the land sold; that he is dead and the plaintiff is his executor, and as such executor he advertised and sold the land at public outcry, when the defendant became the last and highest bidder and purchaser, Nixon being the auctioneer. Before the land was offered Nixon read the advertisement, defendant being present,

and immediately upon the land being knocked off to defendant, he wrote the name of the defendant on the paper containing the advertisement; this was done in the presence of the defendant. But, by inadvertence, he wrote the defendant's name on the side of the advertisement and not under it, as he intended to do.

The following is the advertisement and defendant's name and price bid, as written by the auctioneer Nixon:

### SALE OF VALUABLE LAND.

A mortgage deed having been executed by L. A. H. Wilkinson and wife to Joseph B. Shelton, dated Dec. 10, 1889, which is duly registered in Lincoln County Registry, Book 61, p. 598, and default having been made in the payment of the debt secured by the said mortgage; Now, by virtue of the power vested in me by the said mortgage and my office as executor of Joseph B. Shelton, I will sell at public auction for cash, at the court-house door in Lincoln county, on Monday, 2d day of March, 1896, the land described and conveyed in the said mortgage, to-wit: Lying in Catawba Springs Township, adjoining the lands of H. C. Barkley and others, beginning at a pine at Kid's corner and runs N 31 E 51 P to a hickory and gum near branch; then N 27 W 32 P to a pine; then E 99 P to a gate; then S 15 E 65 P to a stone; then S 48 W 98 P to a sassafras; then N 62½ W 62 P to the beginning, containing by estimation 45 acres, more or less, being the interest of L. A. H. Wilkinson in said tract of land.

S. G. FINLEY, $50.00.

January 30, 1896.

T. H. PROCTOR,
Exr. of Jos. B. Shelton.

PROCTOR *v.* FINLEY.

The defendant contended that this was not a compliance with the Statute of Frauds, *Code*, Sec. 1554.

The advertisement is a proposition by the plaintiff to sell what interest he had in the land, therein fully set forth and described, it is true, to the last and highest bidder—and as $50 is all that he was offered, it was an offer to sell for $50. And the defendant's bid of $50 was an acceptance of plaintiff's offer. This constituted a sale—an offer to sell at a certain price and an acceptance by the defendant, the meeting of the minds of plaintiff and defendant.

It cannot be contended that this did not amount to a contract and a sale, unless the Statute of Frauds intervenes and prevents its enforcement, and this is the question in the case.

The auctioneer Nixon was the agent of the plaintiff to sell this land, and the law constituted him the defendant's agent, when he became the last and highest bidder, to complete the sale by meeting the requirements of the Statute of Frauds. And this he is authorized to do by *signing* the bidder's name to the contract, or to such memorandum of the contract as will satisfy the Statute of Frauds. This signing by the defendant's agent the law construes into an acceptance of the proposition of plaintiff to sell, and the signing of the purchaser's name to the contract as a compliance with the terms of the contract. 3 Am. & Eng. Enc., 848 and 849; Brown on Statute of Frauds, Sec. 369; *Gwathney* v. *Cason*, 74 N. C., 5.

*Mayer* v. *Adrian*, 77 N. C., 83, relied on by defendant, does not conflict with the authorities cited above, but in our opinion supports the views we have here expressed. But it is contended by the defendant that his name must have been *subscribed*—written under the contract or offer of plaintiff to sell—and, as this was not done but was written on the side of the contract or proposition to sell, that he is

not bound. But this proposition cannot be maintained. We have seen that upon defendant's becoming the last and highest bidder and the property being knocked down to him, the auctioneer immediately became his agent to complete the sale and to *sign* (not to subscribe) his name to the contract or memorandum, and the law implied an acceptance and a compliance with the requirements of the Statute of Frauds. Then the case stands as if the defendant had written on the side of this advertisement, which we have said was a proposition to sell, the word "accepted" and signed his name to it. And if he had done this could there have been any doubt but what the defendant would be bound? This we think aptly illustrates the position the defendant occupies and shows him to be bound by this contract.

It was contended for defendant that this action was in the nature of a foreclosure proceeding and a justice of the peace had no jurisdiction. And while we admit defendant's proposition of law that a justice of the peace would have no jurisdiction of a foreclosure proceeding, we fail to see its application to this case. This is simply an action for the recovery of fifty dollars, and there is no plea or answer that raises a question of jurisdiction.

It was also argued that it did not appear that plaintiff could make a good title for the land sold, and *Mayer* v. *Adrian, supra*, is relied on for this position. But there is nothing in the case that presents any such question. And if there was, this case differs very widely from *Mayer* v. *Adrian, supra*. In that case it was shown that the seller undertook to sell the absolute estate in the land, unincumbered, while in this case the plaintiff only proposed to sell the *interest* of J. A. H. Wilkinson in said land. And defendant has not shown or offered to show that plaintiff could not convey that to him.

The plaintiff offered to show by his own parol evidence that he sold the land to defendant. This was objected to by defendant, and his objection was overruled, the evidence allowed and the defendant excepted.

In this ruling of the court there was no error. But, as the sale was afterwards proved by competent evidence, and as there was no evidence offered by the defendant showing or tending to show that this evidence was not true, we cannot see that this evidence, erroneously admitted, was or could have been injurious to the defendant. Had there been evidence contradicting this evidence, erroneously admitted or tending to show a different state of facts, which if true would have benefited the defendant, we would have awarded him a new trial. But as it does not the judgment is affirmed.

Affirmed.