DICKERSON v. SIMMONS.

(Filed May 8, 1906).

*Statute of Frauds —Mortgage Sale —Memorandum —Mortgages—Redemption—Tender.*

1. A party acquires no enforcible right as the successful bidder at a sale under a mortgage made by the agent of the mortgagee where the statute of frauds is set up as a bar and no memoranda of the sale was made by the agent.

2. A blank deed in the ordinary form prepared by the agent of the mortgagee at his office after the sale, a distance of one hundred yards away and not signed by the mortgagee, or anyone else as his agent, and in no way referring to the printed advertisement is not a compliance with the statute.

3. The advertisement of a mortgage sale being a mere offer to sell, standing alone, nothing else appearing on it, and there being no written memorandum connected with it showing a price bid and a purchaser, is not a contract to convey land nor a note or memorandum of a contract to convey to a peculiar individual.

4. A party to whom an equity of redemption has been conveyed has the same right to redeem that his grantor had and the right to pay the mortgage and have it cancelled.

5. An unconditional tender on the day when the mortgage debt falls due, called the law day, discharges the lien of the mortgage, although the debt survives as a personal liability.

6. Where, after the maturity of the mortgage debt, the mortgagor, after making a tender, which was not accepted, did not bring suit to redeem and pay the money into court, the lien of the mortgage still subsists, even if the attempted foreclosure is void. Its only effect is to stop interest and costs accruing after the tender.

7. A mortgagor may preserve his right to redeem against any purchaser by giving him notice of the tender before or at the sale.

8. The phrase "keeping his tender good" does not mean that defendant must have paid the money into court. But the debtor must be ready, able and willing at all times to pay the debt.

ACTION of ejectment by S. M. Dickerson against Allen Simmons, heard by *Judge E. B. Jones* and a jury, at the November Term, 1905, of the Superior Court of SURRY. From the judgment rendered, the defendant appealed.

*J. M. Bodenheimer* for the plaintiff.
*W. F. Carter* for the defendant.

BROWN, J. The court submitted the usual issues in ejectment, and, as stated in the record, "plaintiff moved for judgment upon the whole evidence." His Honor granted judgment. We assume from this that His Honor instructed the jury that upon the whole evidence, if believed to be true, to answer the issues for plaintiff.

The land in controversy belonged to W. W. and J. L. Ashburn as tenants in common. They mortgaged it to E. S. Dickerson. On September 9, 1902, W. W. Ashburn conveyed his equity of redemption to defendant. On December

13, 1902, E. S. Dickerson by his agent, W. L. Reece, sold the land under the mortgage and defendant bid it off for $260. The mortgagee, E. S. Dickerson, refused to execute the deed to defendant and repudiated the sale and again sold the land under the mortgage on April 22, 1903, when it was bid off by and deed made to plaintiff.

1. We are of opinion that defendant acquired no enforcible right as the successful bidder at the sale of December 13, 1902, made by Reece for the mortgagee, inasmuch as the statute of frauds is set up as a bar. No memoranda of the sale whatever was made by the agent, and consequently none was signed. In order to charge a party upon such a contract, it must appear that there is a writing containing expressly or by implication the material terms, and it must be signed by such party or his agent lawfully authorized. The only memoranda relied upon by the defendant is a blank deed in the ordinary form, prepared by Reece at his office after the sale, a distance of one hundred yards away, and is not signed by E. S. Dickerson or any one else, as his agent, and in no way refers to the printed advertisement. That this is not a compliance with the statute is plain to us and in accord with the authorities. *Hall v. Misenheimer,* 137 N. C., 187; *Gwathney v. Carson,* 74 N. C., 5; *Mayer v. Adrian,* 77 N. C., 83.

It is not contended that there was any note or memorandum made on the printed advertisement, or any writing whatever signed by the mortgagee or his agent, showing who bought the land, price paid or terms of sale. The advertisement is only an offer by the seller to sell. The auctioneer is the agent of the plaintiff to sell, and the law constituted him the defendant's agent, when he became the last and highest bidder, to complete the sale by meeting the requirements of the statute. This the auctioneer may do by entering the amount bid on the advertisement and signing thereon the purchaser's name. *Proctor v. Finley,* 119 N. C., 536. Then

both seller and purchaser are bound. As no memoranda whatever was made in this case, neither is bound. The "party to be charged" in this case is the seller. The advertisement, being a mere offer to sell, standing alone, nothing else appearing on it, and there being no written memorandum connected with it showing a price bid and a purchaser, cannot in any sense be called a contract to convey land or a note or memorandum of a contract to convey to a particular individual. This case differs from *Proctor v. Finley, supra,* relied on by defendant. In that case the auctioneer entered the name of the party sought to be charged on the margin of the printed advertisement; this showed by a memorandum that a sale had been made under the advertisement, and that the offer to sell had been accepted. It stated the amount bid, and the name of the purchaser being duly signed thereto, it thereby became a completed contract to sell and convey land, binding under the statute. That case is no authority to support defendant's contention.

2. It is in evidence that shortly after the sale of December 13, 1902, the defendant duly and unconditionally tendered to E. S. Dickerson, the mortgagee, the full amount on the mortgage debt, some $416.50, which Dickerson refused to accept. There is also evidence tending to prove that defendant gave due notice of this tender at the sale in April, and forbade the selling of the land, and it is contended, therefore, that plaintiff had knowledge of defendant's equity. In his answer defendant avers that the sale to plaintiff, the son of the mortgagee, was a sham; that he was not a *bona fide* purchaser for value and that he had due notice of defendant's rights; that defendant has kept his tender good by being able, ready and willing to pay said mortgage debt at any time, and defendant prays that he be allowed to redeem the land by paying the debt. As a tenant in common of the equity of redemption, the defendant has the same right to redeem that his grantor had and the right to pay the mortgage and have it cancelled.

Boone on Mortgages, p. 49; 25 A. & E. Enc. (1 Ed.), 288.
This brings us to consider the effect of the alleged tender. It
is well settled and universally held that an unconditional
tender on the day when the mortgage debt falls due, called
the law day, discharges the lien of the mortgage, although the
debt survives as a personal liability. 20 A. & E. Enc. (2 Ed.),
1062, and cases cited; *Shields v. Lozear,* 34 N. J. Law, 496.
As to the effect of a tender made, as in this case, after matu-
rity, there is much conflict of authority. In those jurisdic-
tions where the mortgage is treated simply as a security to a
debt, the rule is that a mortgage is discharged by a proper
tender made at any time before foreclosure, and that a sale
under the power is void. In those more numerous jurisdic-
tions where the common law doctrines prevail the lien of the
mortgage is not discharged by the tender, the only effect being
to arrest the accruing of interest and to free the debtor from
future costs. If the mortgagor desires by his tender to dis-
charge the lien, when it is not accepted, he must bring his
suit by redemption and pay the money into court. North
Carolina, Massachusetts, New Jersey and other States are
classified as jurisdictions which adhere to the common law.
20 A. & E. Enc. (2 Ed.), 1063. In the first named juris-
dictions it is held that, where tender is made after the law
day, a sale under the power is void even as to a *bona fide* pur-
chaser for value. *Cameron v. Irwin,* 5 Hill (N. Y.), 272-6;
Pingree on Mortgages, sec. 1342. The contrary is held in
Massachusetts and some other courts which adhere to the
common law. Jones on Mortgages, 1798, and cases cited.
Those courts regard the power as one coupled with an interest
which cannot be revoked, and hold that a sale under the
power, after an unaccepted tender, transfers the legal title to
the purchaser, and that the tender is merely a foundation for
a suit in equity for redemption. It seems, therefore, that
in those States a *bona fide* purchaser for value and without
notice of tender gets a good title. It is also held that a mort-

gagor who has notice of an intended sale and allows it to proceed without objection, cannot afterwards show a tender or even a payment in full of the mortgage debt and thereby defeat the title of a *bona fide* purchaser for value without notice. *Cranston v. Crane,* 97 Mass., 459 ; Jones on Mortgages, sec. 1798. It has been determined expressly by this court that "the unaccepted tender of the amount due on a debt secured by mortgage does not discharge the lien of the mortgage unless the tender be kept good and the money paid into court. Its only effect is to stop interest and costs accruing after tender." *Parker v. Beasley,* 116 N. C., 1. The defendant after making the tender did not bring his suit to redeem and pay the money into court, and, therefore, under the authorities cited the lien of the mortgage still subsists, even if the attempted foreclosure is void. There are cases in the State where the wife's land has been pledged as security for the husband's debt wherein it seems to be held that a tender of payment or an extension of time of payment for value will discharge the lien even as against a *bona fide* purchaser for value without notice. The decisions are based upon the relation of principal and surety and do not apply to a case where the land belongs to the principal debtor. Notwithstanding the conflict between the courts as to the effect of a tender made after the law day, it seems to be agreed by all that a mortgagor may preserve his right to redeem against any purchaser by giving him notice of the tender before or at the sale. *Cranston v. Crane,* and Jones on Mortgages, *supra.*

It is unnecessary, in view of the allegations of the answer and the evidence of the defendant, to decide what effect a previous tender has upon the title when the purchaser buys in good faith, for value and without notice. This defendant alleges and testifies that he gave due notice at the sale and further, that plaintiff is not a *bona fide* purchaser for value. It may become necessary to determine the question if the jury find such allegations against the defendant. His Honor

DICKERSON *v.* SIMMONS.

erred in not submitting proper issues to the jury to the end that these controverted facts might be determined.

We think the following issues substantially are necessary to be determined by the jury, viz. :

1. Did defendant tender to E. S. Dickerson the full amount due on the mortgage debt prior to the sale to plaintiff as alleged in the answer?

2. If so, did plaintiff have notice thereof at the time of his purchase?

3. Is plaintiff a *bona fide* purchaser for value?

4. Did defendant keep his tender good?

5. What is the yearly rental value of the land?

If the defendant contests the payment of interest since the tender, the date of the tender must be determined by the jury, unless the date is agreed upon. It may be well to say that the phrase, "keeping his tender good," does not mean that defendant must have paid the money into court. It seems that payment into court is only authorized or required when there is a statute requiring it or when there is a suit pending to redeem the land, and where the effect is to discharge the mortgage lien. But the debtor must be ready, able and willing at all times to pay the debt. He may retain the money in his own possession, but the identical money need not be kept on hand, and, if by making use of the money, he is not ready to pay the debt in current money at any time when requested, the effect of the tender is destroyed. 28 A. & E. Enc. (2 Ed.), 40.

New Trial.

WALKER, J., concurs in result.