W. R. BELTON ET UX. V. THE FARMERS AND MERCHANTS BANK AND TRUST COMPANY AND F. B. KEMP, TRUSTEE.

(Filed 12 December, 1923.)

**Banks and Banking—Bills and Notes—Collaterals—Equity—Intent— Mortgages—Substitution—Redemption.**

A general provision of notes given to a bank by the same borrower that collaterals held by the bank may be applied to the surety of each or all of them so held will not be held to apply to an indebtedness not coming within the contemplation of the parties; and where the maker has given his note to the bank in substitution for one given by himself to another, who had placed it as collateral for her own note to the bank, carrying a mortgage on his lands as security, with provision in his mortgage that the title would revest in him upon its payment, the mortgage security will not, under the general provision, inure to the benefit of other indebtedness he may owe to the bank; and *held further*, there being no further consideration for the note given in substitution, it would not be inequitable to permit him to redeem the land by paying the original debt secured by the mortgage.

APPEAL by defendants from *Shaw, J.*, at June Term, 1923, of ROCKINGHAM.

Civil action, to restrain the sale of certain lands under power of sale contained in a deed of trust, and to have the said deed of trust canceled and surrendered to the plaintiffs.

From a judgment rendered on admissions in the pleadings and agreed statement of facts, granting the relief sought, the defendant Farmers and Merchants Bank and Trust Company appealed.

*Manly, Hendren & Womble for plaintiffs.*
*Glidewell & Mayberry and Leland Stanford for defendants.*

STACY, J. The essential facts upon which the case pivots are as follows:

1. On 15 December, 1919, the plaintiff W. R. Belton gave his note of $200 to Mrs. L. E. Coleman, representing a part of the purchase price of certain lots, and, to secure the payment of said note, executed a deed of trust, conveying said lots to F. B. Kemp, trustee.

2. Prior to 5 May, 1921, this note was, by partial payment, reduced from $200 to $100; and on said date Mrs. Coleman assigned the note in question, and deed of trust securing it, to the defendant.

3. At this time the plaintiff W. R. Belton was indebted to the Farmers and Merchants Bank and Trust Company in the further sum of $3,593.33, which represented the balance of a loan made in 1919, and the defendant had demanded of Belton that he place with the bank additional security to protect said loan.

4. At the request of the defendant, and as a renewal and in lieu of the Coleman note, the plaintiff executed to the bank a new note for $100, bearing same date as the original Coleman note, and containing the following pertinent provisions:

"$100.                    STONEVILLE, N. C., 15 December, 1920.

"On 15 December, 1921, after date, I promise to pay to the Farmers and Merchants Bank and Trust Company, or its order, at the office of said company at Stonesville, N. C., the sum of $100, with interest thereon at the rate of 6 per cent per annum, for value received.

"I herewith deposit with the said company the following securities and properties, to wit:

"Deed of trust attached, same being renewal in part of note $200 due to Mrs. Coleman; and agree that the above-named properties and securities, and any others added to or substituted therefor, shall be held as collateral security for the above obligation, and for any other obligation or liability of the undersigned to the said company now existing or which may hereafter be contracted and due or to become due."

5. There was a clause in the deed of trust which provided that, upon the payment of the note secured thereby, the said lands "shall be reconveyed to W. R. Belton, or the title thereto revested in him according to the provisions of law."

6. On 22 December, 1921, plaintiff tendered to the defendant, in cash, the amount then due on the above note, but the bank declined to surrender the deed of trust, claiming the right to hold it as security for the other debt due by the plaintiff.

The plaintiff thereupon paid into court the sum tendered, and brought this action to restrain the defendant from attempting to foreclose under the said deed of trust. From a judgment in favor of plaintiff the defendant has appealed.

The question presented is whether the bank, by virtue of the foregoing provisions in the renewal note of $100, given in lieu of the balance due on the Coleman note, can now sell the land, conveyed by the deed of trust, to satisfy plaintiff's other indebtedness to the defendant, arising out of other transactions, after plaintiff has tendered payment in full of the note secured by the deed of trust. We think not, under the facts of the present case. *Straeffer v. Rodman*, 146 Ky., 1, Ann. Cas., 1913 C, 549, and note; Jones on Mortgages (6th Ed.), sec. 357; 19 R. C. L., 393.

It is provided in the deed of trust that, upon the payment of the Coleman note of $200, the title to the property therein conveyed shall revert immediately to the plaintiff by operation of law. *Stevens v. Tur-*

*lington, ante,* p. 194; *Barrett v. Hinkley,* 124 Ill., pp. 46-47; *Carpenter v. Longan,* 16 Wall., 271, 21 L. Ed., 313; *Bank v. Mowry,* 13 L. R. A., 294, and note. We are sure the minds of the parties never met on the proposition that the land conveyed in the deed of trust should stand as security for the payment of any debt other than the debt originally due Mrs. Coleman, and which she assigned to the bank after the payment of $100 had been made thereon. In this respect, as well as in others, the case at bar is distinguishable from *Upton v. Bank,* 120 Mass., 153, a case strongly relied on by the defendant.

An agreement to secure one or more obligations must be confined to those intended to be secured by the parties to the contract, for nothing not within the contemplation of the parties will be included in any such agreement. *Huntington v. Kneeland,* 187 N. Y., 563, 102 App. Div., 284.

There was no new or additional consideration passing from the bank to Belton at the time of the execution of the renewal note, or the one given in lieu of the balance due on the Coleman note. Hence, there is nothing inequitable in allowing the plaintiff to redeem the land by paying the original debt secured ·by the deed of trust. *Hayhurst v. Morin,* 104 Me., 169; *Carpenter v. Plagge,* 192 Ill., 82.

Upon the record, we think the correct judgment was entered below.

Affirmed.