B. D. RABIL v. FRANK F. FAGAN, Receiver of WAYNE NATIONAL BANK, and GEO. K. FREEMAN, Trustee.

(Filed 28 September, 1932.)

1. **Mortgages G b—Assignee of second mortgage is entitled to cancellation of first mortgage upon payment of amount due thereunder.**

   Where, in a suit to restrain foreclosure under a first mortgage, the plaintiff alleges that he is the assignee of a second mortgage and had tendered the amount due on the first mortgage to the mortgagee, and contends that he is entitled to have the first mortgage canceled upon the payment of the amount, and the defendant in its answer denies that the plaintiff is the assignee of the second mortgage: *Held,* the denial that the plaintiff is an assignee of the second mortgage raises an issue for the determination of the jury, the plaintiff not being entitled to the relief sought unless he is the assignee of the second mortgage, and the plaintiff's demurrer to the answer on the ground that it failed to set up a defense to the action should have been overruled.

2. **Mortgages C b: G b—Later note held secured by prior mortgage deposited with payee as collateral security.**

   Where a borrower from a bank executes a deed of trust on his lands to secure his note, and thereafter, while the note and mortgage are unpaid and uncanceled, he executes another note directly to the bank and deposits the first note and deed of trust with the bank as collateral security for the second note, and the second note recites this agreement on its face: *Held,* the mortgage is security for the unpaid balance on both the first and second notes, and an assignee of a second mortgage would have to tender the unpaid balance on both notes in order to be entitled to the cancellation of the first mortgage.

APPEAL by defendant, Frank F. Fagan, receiver, from *Frizzelle, J.,* at Chambers, in Snow Hill, N. C., on 23 July, 1932. Reversed.

This is an action to enjoin the sale of land under the power of sale in a deed of trust under which defendants claim, upon the allegation that plaintiff claiming under a mortgage executed subsequent to the registration of the deed of trust, had tendered to the defendants, prior to the commencement of the action, the full amount of the debts secured by the deed of trust.

The action was heard on the demurrer filed by the plaintiff to the answer of the defendants, on the ground that the facts stated therein are not sufficient to constitute a defense to the cause of action alleged in the complaint, and admitted in the answer. The demurrer was sustained.

From judgment in accordance with the prayer of the complaint, the defendant, Frank F. Fagan, receiver, appealed to the Supreme Court.

*James J. Hatch for plaintiff.*
*Kenneth C. Royall and Andrew C. McIntosh for defendant.*

CONNOR, J. The facts alleged in the complaint and admitted in the answer of the defendants in this action, are as follows:

1. On 24 December, 1931, the Wayne National Bank of Goldsboro, N. C., closed its doors, and ceased to do business as a banking corporation. Thereafter, the defendant, Frank F. Fagan, was duly appointed by the Comptroller of the Currency as receiver of said bank and is now engaged in the performance of his duties as such receiver.

2. On 10 March, 1930, one W. Ellis executed and delivered to the Wayne National Bank his note for the sum of $7,500, and on said day also executed and delivered to the said bank a deed of trust to the defendant, Geo. K. Freeman, trustee, on a store building in the town of Farmville, Pitt County, North Carolina, by which the said note for $7,500 was secured. The deed of trust was duly recorded in the office of the register of deeds of Pitt County.

3. Prior to the commencement of this action, the defendant, Geo. K. Freeman, trustee, at the request of the defendant, Frank F. Fagan, receiver of the Wayne National Bank, had advertised the property conveyed to him by the said deed of trust, for sale, under the power of sale contained therein, on 30 June, 1932.

4. Prior to the commencement of this action, the plaintiff, B. D. Rabil, had tendered to the defendants, in full payment of the amount due on the note for $7,500, secured by the said deed of trust, the sum of $2,942.82, with interest from 24 December, 1931, contending that as assignee of a mortgage executed by W. Ellis to A. G. Rabil, subsequent to the registration of the deed of trust, he had the right to redeem the property conveyed by the deed of trust, by paying the full amount secured thereby. The defendants refused to accept the amount tendered by plaintiff, contending that in addition to said amount, there was due the defendant, Frank F. Fagan, receiver, by W. Ellis the sum of $975.00, with interest from 12 January, 1931, which was also secured by the deed of trust.

S—203

It is alleged in the complaint that on 7 September, 1931, W. Ellis, executed and delivered to A. G. Rabil a mortgage on the property theretofore conveyed by the said W. Ellis to the defendant, Geo. K. Freeman, trustee, to secure the sum of $4,000; that thereafter, for value, the said A. G. Rabil transferred and assigned to the plaintiff, B. D. Rabil, the said mortgage, and that the plaintiff is now the holder and owner of the same. These allegations are denied in the answer.

The facts alleged in the answer and admitted by the demurrer filed by the plaintiff, are as follows:

1. After the execution and delivery by W. Ellis to the Wayne National Bank of the note for $7,500, and of the deed of trust by which said note was secured, to wit: on 28 October, 1930, the said W. Ellis executed and delivered to the Wayne National Bank his note for $5,000, due and payable on 26 January, 1931; contemporaneously with the execution and delivery of the said note for $5,000, the said W. Ellis agreed with the said bank, that his note for $7,500, and the deed of trust securing the said note, should be held by the said bank as collateral security for the payment of his note for $5,000 and of any other liability of the said W. Ellis to the said bank, whether then due or to become due thereafter, or which might thereafter be contracted; this agreement was in writing and was set out in the face of the note for $5,000, which was signed by the said W. Ellis.

2. At the date of said agreement, to wit: 28 October, 1930, the said W. Ellis was liable to the Wayne National Bank on a note dated 21 February, 1930, executed by John F. Farfour, Georgiana J. Farfour and W. Ellis, and payable to the said Wayne National Bank. The amount due on said note at the commencement of this action was $975.00 with interest from 12 January, 1932.

At the hearing of this action, the demurrer of the plaintiff was sustained, and it was ordered, considered and adjudged that the deed of trust executed by W. Ellis to the defendant, Geo. K. Freeman, trustee, and recorded in the office of the register of deeds of Pitt County, be canceled by the clerk of the Superior Court of said county, upon the payment to said clerk by the plaintiff of the sum of $2,942.82, with interest from 20 January, 1932, for the use of the defendant, Frank F. Fagan, receiver of the Wayne National Bank.

The defendant, Frank F. Fagan, receiver, contends that there was error in the judgment and that the same should be reversed. This contention must be sustained for two reasons:

1. The allegation in the complaint that the plaintiff, B. D. Rabil, is the assignee of a mortgage executed by W. Ellis to A. C. Rabil, subsequent to the registration of the deed of trust from W. Ellis to the

defendant, Geo. K. Freeman, trustee, is denied in the answer. An issue is thereby raised on the pleadings, which must be submitted to and passed upon by the jury. The plaintiff is not entitled to redeem the property conveyed by the deed of trust, unless he is, as he alleges, the assignee of a mortgage on the said property, executed subsequent to the registration of the deed of trust. *Dickerson v. Simmons,* 141 N. C., 325, 53 S. E., 850.

2. On the facts alleged in the answer and admitted by the demurrer, the defendant, Frank F. Fagan, receiver, has a first lien on the property conveyed by the deed of trust from W. Ellis to the defendant, Geo. K. Freeman, trustee, not only for the amount tendered to the defendants by the plaintiff, to wit: $2,942.82, with interest, but also for the sum of $975.00, with interest, this being the amount due on the note for $1,000, on which W. Ellis was liable to the bank, on 28 October, 1930. Neither the note for $7,500, nor the deed of trust securing the said note had been paid or canceled at the date the said note and deed of trust were deposited with the bank as collateral security. For this reason neither *Saleeby v. Brown,* 190 N. C., 138, 129 S. E., 124, nor *Belton v. Bank,* 186 N. C., 614, 120 S. E., 220, is applicable to the instant case. The note for $1,000, on which W. Ellis was liable to the bank, was payable direct to the bank, and not to a third person, from whom the bank purchased the note, as was the case in *Newsome v. Bank,* 169 N. C., 534, 86 S. E., 499.

There is error in the judgment. The demurrer should have been overruled. The judgment on the facts appearing from the pleadings is
Reversed.