WILLIAM S. GARRETT v. MORRIS STADIEM; IDA B. STADIEM AND ABE STADIEM, as GUARDIANS FOR MORRIS STADIEM, INCOMPETENT.

(Filed 7 January, 1942.)

1. **Mortgages § 9—Deed of trust in this case is construed as a matter of law to cover only $450 note and not $970 note recited in premises.**

The deed of trust in suit in the premises recited a note for $970, but immediately after the description recited that the instrument was given to secure the *cestui* from loss from becoming surety on the note of the trustors in the amount of $450 and that should the trustors fail to pay said note then the deed of trust should become due and payable, followed by stipulations in the *habendum* that if the trustors fail to pay interest on "said note" as it became due or principal and interest at maturity of "said note" the trustee should foreclose upon demand of the *cestui*, etc. *Held:* The instrument is sufficiently unambiguous to be capable of legal construction without the aid of parol explanation, and its legal effect is to secure the $450 item to which all provisions as to default and foreclosure expressly relate, and upon foreclosure the trustee is without authority to apply the proceeds of sale to the $970 item.

**2. Mortgages § 37—Where trustee is without authority to apply proceeds of sale to particular note, his payment thereof subjects him to liability regardless of whether its execution was procured by fraud.**

This action was instituted by trustors against the trustee to compel an accounting. As a matter of legal construction the effect of the instrument was to secure the *cestui* from loss by reason of his signing as surety a $450 note executed by trustors, and did not cover a $970 note recited in the premises. *Held:* Since the trustee had no authority to apply the proceeds of sale to the satisfaction of the $970 note, whether testimony by the male trustor tending to show that the execution of the $970 note was procured by fraud is incompetent under C. S., 1795, need not be considered, since upon the facts, its admission, if error, would be harmless.

**3. Appeal and Error § 39—**

Since a new trial will be awarded only for prejudicial error, the admission of evidence, even if incompetent, does not entitle appellant to a new trial if the rights of the parties would not be altered had such evidence been excluded.

**4. Limitation of Actions § 9—**

In this action by a trustor to compel an accounting of the proceeds of sale by a trustee, the question of the statute of limitations was properly submitted to the jury under authority of *Efird v. Sikes*, 206 N. C., 560.

STACY, C. J., and WINBORNE, J., dissent.

APPEAL by defendant from *Pless, J.,* at 14 April, 1941, Civil Term, of GUILFORD. No error.

*Franklin S. Clark for plaintiff, appellee.*
*Stern & Stern for defendant, appellant.*

SEAWELL, J. While there were charges of fraud and collusion against the defendant in connection with the procurement and execution of the notes and deed of trust which are the subject of controversy in this action, the case as developed amounted merely to an action against Morris Stadiem, trustee in the deed of trust below copied, for the proceeds of a foreclosure sale of the real estate therein described.

The instrument is as follows:

"THIS INDENTURE, made and entered into this 23rd day of July, A.D., 1921, by and between W. S. Garrett and Sarah Garrett, his wife, of Guilford County, State of North Carolina, parties of the first part, Morris Stadiem, Trustee, of Guilford County, in said State, party of the second part, and A. Schiffman, of Guilford County, in said State, party of the third part:

"WITNESSETH, For that whereas the said parties of the first part are indebted to the said party of the third part in the sum of Nine Hundred Seventy Dollars, for which the said parties of the first part have

executed and delivered to said party of the third part, as aforesaid, one note of even date herewith in said sum of Nine Hundred Seventy Dollars, payable as follows, to-wit: $970.00 on the 23rd day of July, 1930, with interest thereon from date till paid, at the rate of six per centum per annum, payable semi-annually; and it has been agreed that the payment of said debt shall be secured by the conveyance of the land hereinafter described.

"NOW, THEREFORE, in consideration of the premises and for the purpose aforesaid, and for the sum of one dollar to the party of the first part paid by the party of the second part aforesaid, said W. S. Garrett and wife, Sarah Garrett, have bargained, sold, given, granted, and conveyed, and by these presents do bargain, sell, give, grant and convey to said Morris Stadiem, Trustee, his heirs and assigns, a certain tract of land lying and being in Guilford County and the State of North Carolina, in Morehead Township, and more particularly described as follows:

"BEGINNING at a stake on the south side of West McCullogh St., said stake being 75 feet east of the southeast intersection of South Ashe and West McCulloch Sts.; running thence southwardly about parallel with South Ashe St. about 60 feet to a stake; thence eastwardly about parallel with West McCullogh St. 123 feet to a stake; thence northwardly parallel with 1st line about 60 feet to a stake on South margin of West McCullogh St.; thence west along south side of McCullogh St. 123 feet to the beginning.

"This deed of trust is given to secure the said A. Schiffman from any loss from becoming surety on a note to the State Industrial Bank for the said W. S. Garrett and Sarah Garrett in the amount of $450.00. Should the parties of the first part fail to pay off said note to the State Industrial Bank as same shall become due, then in such case this deed of trust shall become due and payable.

(Written in ink):

"Foreclosed & deeded 10/21/30 to Harry W. Schiffman See Book Page 656 Page 469

"Witness

"TO HAVE AND TO HOLD said land and premises, with all the rights, privileges, and appurtenances thereunto belonging to him, said party of the second part, his heirs and assigns, forever, upon the trust and for the uses and purposes following and none other, that is to say:

"If the said parties of the first part shall fail or neglect to pay interest on said note as the same may hereafter become due, or both principal and interest at maturity of the said note, or any part of either, or any note or bond given in renewal in whole or in part therefor, or any amount expended for insurance or taxes as herein provided, then on application of said party of the third part, his assignee, or other person who may be

entitled to the moneys due thereon, it shall be lawful for, and the duty of, the said party of the second part, to advertise said land in some newspaper published in said County of Guilford at least once a week for four successive weeks; or if there be no newspaper published in said county, then in three or more public places in the county aforesaid, for thirty days, therein appointing a day and place of sale, and at such time and place to expose said lands at public sale to the highest bidder for cash, and upon such sale to convey title to the purchaser.

"And the said party of the second part, first retaining (out of the proceeds of such sale) five per centum commissions on the sale of the whole of said land sold, as a compensation for making such sale, shall apply so much of the residue as may be necessary to pay off and discharge said indebtedness and all interest then accrued and due thereon, and all sums expended for taxes and insurance as herein provided, together with all necessary expenses of advertising and selling; and shall pay the surplus, if any remain, to said parties of the first part.

"It is understood and agreed between the parties to this deed, that the parties of the first part shall pay all taxes within the time prescribed by law, and shall keep the buildings on the said premises insured in some reliable insurance company having an agency in the said County of Guilford in the sum of Nine Hundred Seventy Dollars, which said policies shall be payable to the party of the third part, as his interest may appear, and deposited with Trustee to be applied, in case of loss, as far as it may extend to the satisfaction of this trust. And if the parties of the first part shall fail to pay said taxes or to insure said buildings for ten hours the party of the third part or the trustees shall be at liberty to pay said taxes or effect such insurance, and the amount so expended shall be deemed principal money, bearing six per centum interest per annum, and be payable when the next installment of interest becomes due.

"It is further stipulated and agreed, That any statement of facts or recital by said Trustee in his deed in relation to the nonpayment of the money secured to be paid, the amount due, the advertisement, sale, receipt of the money, and the execution of the deed to the purchaser shall be received as *prima facie* evidence of such fact.

"And it is stipulated and agreed, That if said parties of the first part shall pay off said note and interest, and discharge fully the trusts herein declared before such sale, or the same shall be done by a sale of part of said lands, then so much of said land as may not have been sold and are not required to meet any of said trusts shall be reconveyed to said parties of the first part or the title thereto vested in them according to the provisions of law.

"And the said W. S. Garrett and Sarah Garrett, parties of the first part, do covenant to and agree with said party of the second part, his

heirs and assigns; That they are the owner and seized of said premises in fee simple; That they have the right to convey the same; That the same are free from any encumbrances whatsoever; That they will forever warrant and defend the title to the same from the lawful claims of all persons whomsoever; and that they will execute such further deed or deeds as may be necessary or proper to carry out the true intent and purpose of this trust.

"IN TESTIMONY WHEREOF, The said parties of the first part do hereto subscribe their respective names and affix their several seals the day and year first above written.

"W. S. GARRETT    (SEAL)"

"SARAH GARRETT    (SEAL)"

The contention of the plaintiff was that the deed of trust was given only to indemnify Schiffman against loss upon a $450 note for a loan obtained from the State Industrial Bank, upon which he was surety.

There was evidence tending to show that Schiffman had taken charge of the mortgaged property immediately after the execution of the mortgage or deed of trust and had collected sufficient rents therefrom to pay off the $450 note and interest prior to the foreclosure. Nevertheless, Stadiem foreclosed under the power of attorney in the deed of trust and executed a deed to Harry W. Schiffman, son of A. Schiffman, and received from him upwards of $1,000 upon the purchase price.

Upon the trial the plaintiff, Garrett, was permitted to testify over the objection of the defendant as to various transactions had between him and A. Schiffman, now deceased, leading up to the execution of the deed of trust, and following its execution. This testimony tended to show that fraud had been practiced upon Garrett in the making and execution of the deed of trust and in connection with a $970 item included therein. He denied ever having executed such a note and stated that he received no money upon it. To this and testimony of like character on the part of Garrett, the defendant duly excepted.

The defendant in his answer pleaded the bar of the statute of limitations (C. S., 441 [1]). As to this the plaintiff denied any knowledge of the fact that his land had been sold or that the defendant, Morris Stadiem, had received any money upon the purchase price or that he had in any way been notified that his property had changed hands until shortly before the beginning of this action, when he discovered persons upon his lot measuring it for purposes of building thereon. There is evidence tending to show that he had been paying taxes continuously down to that time.

The plaintiff's action, as developed on the trial, came down to an action against the defendant, trustee under the deed of trust, for an

accounting for the proceeds of the foreclosure sale. The plaintiff introduced no evidence from which an inference of conspiracy or concerted action on the part of defendant with others could be drawn. There was no evidence of partnership between defendant and those connected with the transaction, but, on the contrary, evidence on the part of defendant that such relation did not exist. But there is plenary evidence of fraud in the initial transactions leading to the making of the note for $970 and its inclusion in the deed of trust. The testimony of plaintiff, with regard to the transactions between him and A. Schiffman, now deceased, is challenged by defendant's exceptions as incompetent under C. S., 1795—the law familiarly referred to as "the dead man's statute." The multiplicity of new situations arising under this statute is proverbial. The present complex seems to be novel, at least in its factual aspects.

The incompetency of the plaintiff to testify as to transactions between himself and the deceased, Schiffman, if it exists, must be predicated upon the assumption that Morris Stadiem, Trustee under the deed of trust, derived his "title or interest from, through or under" Schiffman, and furthermore that it is this interest which is attacked. Upon that point there may be a difference of opinion, which it may not be necessary to settle for the purpose of decision.

An inspection of the deed of trust convinces us that it is sufficiently unambiguous as to be capable of legal construction without the aid of parol explanation. *Drake v. Asheville,* 194 N. C., 6, 9, 138 S. E., 343; *Gay v. R. R.,* 148 N. C., 336, 62 S. E., 436. The deed on its face merely purports to secure the $450 item, expressing its purpose as follows:

"This deed of trust is given to secure the said A. Schiffman from any loss for becoming surety on a note to the State Industrial Bank for the said W. S. Garrett and Sarah Garrett in the amount of $450.00. Should the parties of the first part fail to pay off said note to the State Industrial Bank as same shall become due, then in such case this deed of trust shall become due and payable."

All provisions for default and foreclosure expressly relate to this note, and we would not be warranted, by mere implication, in extending them to cover a further note of $970 mentioned in the recitals.

Since, upon its face, the note referred to was made to indemnify the surety on the Industrial Bank indebtedness of Garrett against loss, it is consistent that the note named in the recital was of the same character, especially since there is no provision made in the instrument relating to its default. The testimony of the plaintiff, Garrett, as to transactions between himself and Schiffman relating to this subject, if objectionable, were therefore harmless.

The facts disclosed by the evidence justified submission to the jury the question of the bar of the statute. C. S., 441 (1); *Efird v. Sikes,* 206 N. C., 560, 174 S. E., 513.

We do not feel justified in disturbing the result of the trial.

No error.

STACY, C. J., and WINBORNE, J., dissent.