MARTHA A. HARPER v. THEO. EDWARDS et al.

*Description of Debt in Mortgage—Registration— Notice—Statute of Limitations—Payment of Note by Purchaser of Land from Mortgagor.*

1. A reference in a mortgage to a note secured by it, without specifying its contents, is sufficient to put subsequent purchasers upon inquiry and to charge them with notice.

2. Registration of a mortgage on proper probate is notice to the world of the existence thereof, and of the nature and extent of the charge created by it.

3. Where the purchaser of land from a mortgagor agreed to assume and pay off the mortgage debt, the mortgagor and mortgagee assenting thereto, he became a co-principal or agent of the mortgagor to pay the debt, and payments by him arrested, at least as to the right to foreclose the mortgage, the running of the statute of limitations. (*LeDuc* v. *Baker*, 112 N. C., 458, distinguished.)

Action to foreclose a mortgage, heard on exceptions to the report of a referee, before *Boykin, J.*, at August Term, 1894, of GREENE Superior Court.

There was judgment for the plaintiff, and the defendant appealed. The facts are sufficiently stated in the opinion of Associate Justice MACRAE.

*Mr. J. B. Batchelor*, for plaintiff.
*Mr. Geo. M. Lindsay*, for defendants (appellants).

MACRAE, J.: It was objected by the defendants that the mortgage was void for uncertainty in description of the debt intended to be secured thereby. The condition of the deed is, "Whereas, the parties of the first part have executed to the party of the second part a certain promissory note bearing even date with these presents, to be due and payable the 1st of January, 1877, and for which this mortgage is made

to secure.   Now, therefore, if the said parties of the first part shall pay, or cause to be paid, said note and the interest thereon when it shall become due," etc., etc.   The point has never, to our knowledge, been passed upon in this Court, and the authorities in other States are conflicting.   The general rule as laid down in 1 Jones Mort., § 70, is universally recognized : " Literal exactness in describing the indebtedness is not required ; it is sufficient if the description be correct so far as it goes, and full enough to direct attention to the sources of correct and full information in regard to it, and the language used is not liable to deceive or mislead as to the nature or amount of it."   It is upon the application of the last clause cited above that the diversity of decision has arisen.   While a general description of the debt secured is conceded to be ordinarily sufficient, it has been sometimes held that the amount of an ascertained debt should be stated, and that the failure to state the amount of the note secured renders the mortgage invalid as against subsequent incumbrances, and this is what is contended for in the present case.   The ground of the above construction is, that the failure to insert the amount of the note in its description in the mortgage leaves the matter in such uncertainty that there are large possibilities of fraud by the substitution of fictitious debts.   The cases in support of this view are collected in 1 Jones Mort., § 344; 15 Am. and Eng. Enc., 755, note, and Pingray on Mort., § 464.   By reference to the two text-books just cited it will be seen in the same sections that each of the authors comes to the conclusion, upon all the authorities, that the view above contended for is not sustained by the weight of authority, and that under the general rule, " a reference in a mortgage to a note secured by it, without specifying its contents, is sufficient to put subsequent purchasers upon inquiry and to charge them with notice."   And the authorities for this conclusion are also cited in the works and at the pages above named.

It is so often in business impracticable to state the exact amount to be secured, as upon open accounts for future advances, and in many other instances which might be mentioned, where the facility for fraudulent substitution would be equal to that afforded in this instance, that we cannot hesitate to adopt the general rule as stated, and hold that the description under the maxim *id certum est*, etc., is sufficient to put subsequent purchasers on notice.

It is well established in this State that registration of a mortgage on proper probate is notice to the world of the existence thereof and of the nature and extent of the charge created by it. *Ijames v. Gaither*, 93 N. C., 358.

While many exceptions were taken before the referee and not before the Court, the only other point argued before us was that of the statute of limitations, the contention of defendant being that payments by J. K. Harper, the purchaser of the land from the mortgagor, would not prevent the statute from running in favor of the defendant mortgagee and maker of the note. And for this proposition the case of *LeDuc v. Butler*, 112 N. C., 458, is relied upon, it being insisted that the maker of the note and mortgage and the purchaser of the land were not debtors in the same class, there not being a community of interest between them. There was a reference by consent in this action, and the referee finds, section 4, that there was notice to all parties of the conveyance of the mortgaged property to J. K. Harper, and the assumption by him of the payment of the balance due upon the mortgage debt, and this was assented to by defendants, "the plaintiff retaining said note and mortgage security." The action is brought to foreclose the mortgage and subject the land described therein to the payment of the debt. We are of opinion that the principles laid down in *LeDuc v. Butler* have no application to this case; that here J. K. Harper, by consent of all parties, undertook, either as a co-principal or as the agent of the mortgagor, to pay the debt, and that pay-

ments by him enured, at least as to the right to foreclose the mortgage, against the running of the statute.  *Williams* v. *Kerr*, 113 N. C., 309.                          No Error.