HENRY ALLEN; EDISON HICKS, TRUSTEE; T. T. HICKS AND W. C. HIGHT v. THOMAS STAINBACK, J. C. KITTRELL, EUGENE WORTHAM AND MYRTLE WORTHAM, HIS WIFE.

(Filed 19 September, 1923.)

**1. Deeds and Conveyances—Mortgages—Contemporaneous Acts—Registration—Liens.**

A mortgage executed and registered contemporaneously with a deed by the same parties to the same land, to secure the balance of the purchase price, is one act, giving the mortgagee a lien on the land described superior to that of a later executed and registered mortgage thereon.

**2. Same—Description—Reference to Prior Mortgage.**

Where a mortgage is executed and registered contemporaneously, a reference in the former to a sufficient description in the latter makes it a part thereof, supplying any deficiency of the description therein.

**3. Same—Reference to Prior Mortgage—Notice.**

A note secured by a mortgage reciting that the note constituted a lien upon the lands, puts a subsequent mortgagor upon inquiry, and fixes him with notice as to the amount of the prior lien, and it does not lose its priority upon prior registration by the failure of the mortgage to recite it.

**4. Same—Omission to State Amount of Lien.**

The omission of a prior registered mortgage to state the amount of the lien created by it cannot prejudice the rights of the holder of a second and later registered mortgage, wherein is recited that this mortgage was subject to the first one.

**5. Deeds and Conveyances — Mortgages — Probate — Irregularities—Presumptions—Statutes.**

The admission to registration of a mortgage raises a presumption that the probate was by the proper officer and regular, which has to be met by the evidence of a later registered mortgage claiming its invalidity: and *Held, further,* the validity of the probate of the mortgage in this case was established by C. S., sec. 3331, validating orders of probate by the clerk made prior to 1 January, 1919.

APPEAL by plaintiffs from *Daniels, J.,* at February Term, 1923, of VANCE.

On 3 December, 1918, Joseph M. Stainback conveyed to Henry Allen 42⅕ acres for the consideration recited in the deed of $2,532, and, as a

part of the same transaction, executed a deed of trust on said land to J. C. Kittrell, trustee, to secure two notes for the balance of the purchase price. The deed and deed of trust were simultaneously filed upon the record in the register's office of said county on 21 December, 1918. The deed of trust does not state the amount of the notes therein secured, but they are thus referred to in the deed: "Whereas the said Henry Allen is indebted to the said Joseph M. Stainback in the sum of $........, for which the said Henry Allen has executed and delivered to the said Joseph M. Stainback, as aforesaid, the bonds of even date with this deed, in the sum of $......., payable on the........ .., with interest thereon until paid, at the rate of 6 per cent per annum, payable annually on 1 December hereafter; and it has been agreed that the payment of said deed shall be secured by the conveyance of the land herein described (here follows the conveyance and description), same being the land this day bought of Joseph M. Stainback, and this deed of trust is to secure the purchase price thereof."

On 29 November, 1919, Henry Allen purchased of John Stevenson a tract of 50 acres, paid $1,000 in cash, and executed a deed of trust to secure the balance of the purchase money to E. T. Hicks, trustee, and as additional security, after the description of the 50 acres that day bought, added the following: "Also another tract of land, near the tract above described, and bounded by the lands of Breedlove, Mosely, Mumford, Jones, Harris, and others, containing 42⅕ acres. · See deed from Joe Stainback to Henry Allen on record for description. This last tract is subject to a prior mortgage to Mr. Stainback for $1,260." This second deed of trust was not registered until 1 December, 1919. The question for this Court to decide is, which of these deeds of trust is the prior lien on 42⅕ acres of land?

The case came on to be heard before *Daniels, J.* There was submitted to the determination of the court the validity of the deed of trust from Henry Allen to J. C. Kittrell, trustee, and the question of its priority over the deed of trust to A. T. Hicks, the parties admitting that the said Stainback estate had no other security for its debt, and that if the deed of trust to Kittrell, trustee, is valid, the security of A. T. Hicks, trustee, will not be sufficient to pay their debt. The court held, upon the evidence and foregoing admission, that the trustee in the debt of Joseph M. Stainback, referred to as the trustee of J. C. Kittrell, takes precedence over the debt and trustee of A. T. Hicks, and that the plaintiff is not entitled to recover on the said lien in preference to that of the said Stainback. The plaintiff excepted and appealed.

*T. T. Hicks & Son for plaintiff.*
*Kittrell & Kittrell for defendant.*

CLARK, C. J.   The deed of trust from Henry Allen to J. C. Kittrell is a valid and first lien on the 42⅕ acres.   The deed and a mortgage securing the purchase price constituted one act, and such mortgage, executed and registered at the same time with the deed, has priority. *Trust Co. v. Sterchie,* 169 N. C., 23; *Hinton v. Hicks,* 156 N. C., 24; *Bunting v. Jones,* 78 N. C., 242.   This being so, an omission in one instrument will be supplied by a statement in the other; and in the case now before the Court the stated consideration of the amount of the purchase money of the 42⅕ acres, which appears in the deed, at least designates a limit beyond which the purchase price, as referred to in the deed of trust, could not possibly go.

The reference in a mortgage to a note secured by it, without specifying its contents, is sufficient to put subsequent purchasers upon inquiry, and fixes them with notice.   In *Harper v. Edwards,* 115 N. C., 246, where the defendants objected that the mortgage was void for uncertainty in the amount of the debt intended to be secured thereby, the condition in the deed which recited that the "parties of the first part have executed to the parties of the second part certain promissory notes bearing even date with these presents, due and payable 1 January, 1887, and which this mortgage is given to secure, it was held that the mortgage was valid, and its registration was sufficient to put subsequent persons upon inquiry and fix them with notice."

To the same purport, *In re Hawkes,* 204 Fed., 319, and *Cutler v. Flynn* 46 Ark., 70.   Also to the same purport there is a very clear statement in *Fetes v. O'Laughlin,* 62 Iowa, 532, with the citation of numerous authorities, and including the following statement: "The record of the mortgage imparted notice of the amount of the debt for which it was given as security, and is a lien prior to the mortgage under which the defendant claims title to the land."   In that case, as in this, the amount of the promissory note secured thereby was left blank, but its date and the land upon which it was secured was sufficiently given, as in the present case.

In the present instance there was nothing misleading in the deed of trust from Henry Allen to J. C. Kittrell, trustee, and the plaintiffs in the present case could not have been misled.   The plaintiffs (in this case) were directed by said deed of trust to the record for correct information, and they got that information and wrote into it their mortgage, so that all who held under them should have notice of the fact that they held their mortgage on said tract of land (42⅕ acres) themselves as a second lien.

The said deed of trust to J. C. Kittrell, trustee, had been on record almost a year when the deed of trust to E. T. Hicks was executed, and the deed of trust to Hicks shows that Henry Allen intended to convey

to E. T. Hicks, trustee, said 42⅕ acres, for it recites that it was "subject to a prior mortgage to Mrs. Stainback." In *Hinton v. Leigh,* 102 N. C., 28, it was held that such an express second mortgage would be subject to the first mortgage, *even though registered first.* This case was not overruled by *Blacknall v. Hancock,* 182 N. C., 369, but was cited with approval therein to the statement of the ground why it did not apply.

In the case now before the Court the second deed of trust not only recognized the first deed of trust, but the first deed of trust was actually registered more than eleven months before the second deed of trust was written.

As to the contention that the deed of trust of J. C. Kittrell, trustee, was registered on an insufficient probate and is therefore a nullity, the record shows that it was registered 21 December, 1918, and its admission to registration raises a presumption that the probate was by a proper officer and regular. *Moore v. Quickle,* 159 N. C., 129. No proof was offered to the contrary. The plaintiff admitted the deed of trust to Kittrell, together with the notice in the lower court, without objection as to the evidence. If there was any question of the probate of this deed of trust, it is sufficient to call attention to C. S., 3331, which provides that "Where deeds, etc., which prior to 1 January, 1919, have been ordered registered by the clerk of the Superior Court . . . and actually put upon the books in the office of the Register of Deeds as if properly proven and ordered to be registered, all such probates are hereby validated and made as good and sufficient as though such instruments had been in all respects properly proven and recorded."

The judgment of the court below is

Affirmed.