W. F. WALSTON AND WIFE, WILHELMINA P. WALSTON v. RUSSELL E. TWIFORD, SUBSTITUTE TRUSTEE, AND CHARLES BUXTON SMALL, ADMINISTRATOR OF THE ESTATE OF MATTIE A. PICOT, DECEASED.

(Filed 17 September, 1958.)

**1. Mortgages § 1—**

A mortgage is a conveyance by a debtor to his creditor, or to some one in trust for him, as a security for the debt.

**2. Mortgages § 27—**

A mortgage which purports to secure the payment of a debt has no validity if the debt has no existence.

**3. Mortgages § 9—**

A mortgage must identify the obligation secured, and nothing which is not therein stipulated will be included.

**4. Same: Mortgages § 27— Stipulation in mortgage that debt should be extinguished upon death of mortgagee is valid.**

The mortgage in question secured a note in a specified sum with provision that upon the death of the payee of the note, any amount remaining due thereon should be deemed a gift to mortgagors, and that thereupon the note and deed of trust should be marked paid and satisfied by the personal representative of the payee. *Held:* While the provision is not good as a gift or as a testamentary disposition of the balance, it is valid as a part of the contractual obligation agreed upon by the parties when the loan was negotiated, and therefore the mortgagors are entitled to restrain the trustee and the personal representative of the payee from foreclosing the instrument.

APPEAL by plaintiffs from *Stevens, J.,* May 1958 Term, of PASQUOTANK.

The facts are not in controversy. It appears from the stipulations of the parties and the findings of the court: On 27 March 1952 plaintiffs borrowed from Mattie A. Picot, mother of the feme plaintiff, the sum of $6,500. The debt thus created was evidenced by note and secured by deed of trust contemporaneously executed to W. C. Morse, Jr., conveying real estate in Pasquotank County. Mrs. Picot died 22 April 1957. Defendant Small has been duly appointed administrator of her estate and defendant Twiford has been duly substituted as trustee. The note and original deed of trust have been misplaced or

lost and cannot be discovered after diligent search. Mrs. Picot was the owner of the note at her death. Plaintiffs paid the interest on the note to 27 March 1953 but have made no other payments.

Plaintiff seeks to perpetually enjoin a threatened foreclosure, asserting that by the terms of the loan agreement the debt has been discharged and there is no longer a subsisting obligation secured by the deed of trust. Defendants assert that they are entitled to and ask for a judgment in the sum of $6,500 with interest from March 1953 and foreclosure of the deed of trust for the purpose of enforcing payment.

The first paragraph of the deed of trust gives its date and names the parties. Plaintiffs are there designated as grantors, Morse as trustee, Mrs. Picot as holder.

Following this paragraph the deed of trust provides:

"WITNESSETH: THAT WHEREAS, grantors herein called maker, is indebted to the holder in the sum of SIXTY FIVE HUNDRED AND 00/100 DOLLARS, which indebtedness is evidenced by note or notes of even date herewith, viz:

"AMOUNT—$6500.00

DATE DUE—Interest from January 20, 1952, at five per cent, payable every six months.

"said note bearing interest from Jan. 20, 1952 at the rate of five per cent per annum, payable semi-annually; and WHEREAS, the grantors desire to secure to the holder thereof the payment of the principal and interest of said note and of each and every note given in renewal or curtailment, thereof, and to secure the performance of the covenants and agreements herein contained, by a conveyance of the property hereinafter described:"

Then follows a paragraph granting and conveying the land in fee to Morse, the trustee. Following the description of the property conveyed is this provision: "It is specially agreed and understood by and between the grantors and the said Mattie A. Picot that any balance of either the principal or interest due on the amount herein secured at the time of the death of said Mattie A. Picot, such amount is herewith positively to be treated, deemed and considered a gift to said grantors by said Mattie A. Picot, or her estate and neither her personal representatives, heirs at law, next of kin or any other person or persons shall have any interest, right or title in such unpaid balance, and title shall vest in such balance immediately upon the death of the payee, in grantors herein, and the note secured by this deed of trust together with deed of trust shall be marked paid and satisfied by the personal representative of the payee."

Following the above-quoted provision are the usual provisions of a deed of trust, including the habendum, provision that if the makers, grantors, shall pay the debt and comply with their covenants the in-

strument shall be null and void, but upon failure to comply the trustee may foreclose and sell to pay the debt, including the cost of making sale. The deed of trust contains covenants to keep the buildings on the premises insured for the protection of the holder of the note and to keep the taxes thereon paid.

The court, being of the opinion that the quoted provisions were ineffectual and void, adjudged that plaintiffs were not entitled to enjoin a sale and that defendants recover the sum of $6,500 with interest and authorizing the substitute trustee to foreclose. Plaintiffs excepted and appealed.

*J. W. Jennette for plaintiff, appellant.*
*Small & Small for defendant, appellees.*

RODMAN, J.  "A mortgage is a conveyance by a debtor to his creditor, or to some one in trust for him, as a security for the debt." *Robinson v. Willoughby,* 65 N.C. 520; *Watkins v. Williams,* 123 N.C. 170; *Wilson v. Fisher,* 148 N.C. 535.

"A mortgage which purports to secure the payment of a debt has no validity if the debt has no existence." *Bradham v. Robinson,* 236 N.C. 589, 73 S.E. 2d 555; *Saleeby v. Brown,* 190 N.C. 138, 129 S.E. 424; *Stevens v. Turlington,* 186 N.C. 191, 119 S.E. 210; 36 Am. Jur. 717 and 718.

Since by definition a mortgage is a conveyance of property to secure the obligation of the mortgagor, it is necessary for the mortgage to identify the obligation secured. As said by *Stacy, J.* (later C.J.): "An agreement to secure one or more obligations must be confined to those intended to be secured by the parties to the contract, for nothing not within the contemplation of the parties will be included in any such agreement." *Belton v. Bank,* 186 N.C. 614, 120 S.E. 220; *Garrett v. Stadiem,* 220 N.C. 654, 18 S.E. 2d 178; *Harper v. Edwards,* 115 N.C. 246, citing Jones on Mortgages; 36 Am. Jur. 726 and 727; 59 C.J.S. 155.

The mortgage or deed of trust here in question adequately describes the obligation of the grantors. There is no intimation or suggestion that the note recited in the deed of trust was in any way at variance with the terms of the obligation as set out in the deed of trust.

Decisive of this case is the question: Is the provision of the contract valid which terminates liability of the mortgagors for any unpaid balance existing at Mrs. Picot's death. The question has, we think, heretofore been answered by this Court in *Moore v. Brinkley,* 200 N.C. 457, 157 S.E. 129. Reference to the record in that case discloses that the obligation which the Court was called upon to construe provided: "And the said Mrs. C. F. Bell covenants and agrees that at her

death all property owned by her of every kind and description, both real and personal property, shall become the absolute property of the said W. R. Brinkley and wife, Lillie M. Brinkley, their heirs and assigns, forever.

"And the said Mrs. C. F. Bell further covenants and agrees to release them absolutely from any and all indebtedness they may be under to her or her estate at the time of her death."

Speaking with reference to that contractual obligation, the Court, in a *per curiam* opinion, said: "This contract is valid and enforceable against the plaintiff." *Fawcett v. Fawcett,* 191 N.C. 679, 132 S.E. 796, cited by the Court, sustains the decision. Recognition of the validity of such a contractual provision is impliedly if not expressly given in *Jones v. Norris,* 147 N.C. 84.

The decisions of this Court upholding the provisions of contracts similar to the one involved in this case are in accord with the conclusions reached by the majority of the courts in other jurisdictions.

*Miller v. Allen,* 90 N.E. 2d 251 (Ill.), was an action in which plaintiff sought foreclosure of a purchase money mortgage given to Mary E. Miller. Plaintiff was the administrator of Mary Miller. There as here the parties were unable to find among the effects of the deceased the note which the defendants had executed. The deed of trust recited it secured the payment of a note in the sum of $5,975, payable at the rate of $40 per month. Incorporated therein was the following provision: "no interest is being charged. Should mortgagee die before such payments are completed, the said note of this mortgage shall be considered as fully paid on the death of the mortgagee." The trial court in that case, as here, held the provision invalid and of no force and effect because of "(a) lack of consideration; (b) that no valid gift *inter vivos* was made; and (c) that it was not a valid testamentary disposition. . ." The appellate court, in reversing the trial court, said: "In a review of the cases in other jurisdictions it appears that the weight of authority favors the validity of an agreement contemporaneous with a debt or legal obligation to the effect that the obligation be extinguished or terminated by the death of a creditor or obligee. This is fundamentally on the basis that the agreement constitutes a valid and enforceable contract as between the parties."

In *Hollis v. Hollis,* 24 A 581 (Maine), one of the provisions of the note and mortgage was: "Now, if the said Susan Rand should die before this note is paid, then this deed & note are null and void, and the said Susan Rand is never to transfer this deed." The court held that upon the death of Susan Rand "the mortgage then became void." *Kline v. McElroy,* 296 S.W. 2d 664 (Mo.); *DeLapp v. Anderson,* 203 S.W. 2d 389 (Ky.); *Farmer v. Farmer,* 77 S.E. 2d 415 (Va.); *Jones v. Darling,* 95 S.E. 2d 709 (Ga.); *In re Smith's Estate,* 58 N.W. 2d 378

(Iowa); *Brock v. Lueth,* 4 N.W. 2d 285 (Neb.); *Dillard v. Dillard,* 269 S.W. 2d 769 (Mo.)

We perceive no sound reason why we should overrule our prior decisions. The provision is good not as a gift, not as a testamentary disposition, but as a part of the contractual obligation agreed upon by the parties when the loan was negotiated. It appears from the evidence that Mrs. Picot went to live with her daughter and her husband, mortgagors, at or about the time the loan was negotiated. She remained with them until her death. Although she had the right to compel payment of interest or principal during her lifetime, only one payment of interest was made. By express language set out in mortgagors' contract the note and deed of trust were to be marked paid and satisfied upon Mrs. Picot's death.

Reversed.