IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF DONALD C. ENDERLE AND WIFE, JEAN WATKINS POOLE ENDERLE, MORTGAGORS/GRANTORS TO W. MARK CUMALANDER, SUBSTITUTE TRUSTEE AND THE FIDELITY BANK, BENEFICIARY AND NOTEHOLDER

No. 9210SC629

(Filed 6 July 1993)

**Mortgages and Deeds of Trust § 14 (NCI4th)— validity of deed of trust executed for debt of another—failure to identify obligation secured—deed of trust invalid**

A person may execute a valid deed of trust for the debt of another; however, in this case the deed of trust did not properly identify the obligation secured, and it was therefore invalid.

**Am Jur 2d, Mortgages §§ 132 et seq.**

Appeal by mortgagors Donald C. Enderle and wife, Jean Watkins Poole Enderle from order signed 15 April 1992 in Wake County Superior Court by Judge George R. Greene. Heard in the Court of Appeals 13 May 1993.

*J. Kenneth Edwards, by J. Kenneth Edwards, for mortgagor-appellants.*

*Cumalander & Cumalander, by W. Mark Cumalander and Tonya C. Cumalander, for John W. Byrne, Trustee-appellee.*

GREENE, Judge.

Donald C. Enderle and Jean Watkins Poole Enderle (the Enderles) appeal from the trial court's order affirming the decision of the clerk of court authorizing foreclosure on property owned by the Enderles by trustee W. Mark Cumalander (substitute trustee), pursuant to a deed of trust held by the Fidelity Bank (the Bank).

The Bank loaned $255,000.00 to Donald and Arlene Tant (the Tants) on 17 June 1987, for the purpose of improving property owned by the Tants. The note signed by the Tants reflects that the loan is secured in part by "Deed of Trust on Lot 7 1.09 Acres Barton Creek Township Wake Co." On the same day, the Enderles executed a deed of trust, with the bank as beneficiary and John W. Byrne as trustee, which states that the Enderles are indebted to the bank for the sum of $255,000.00, and conveys in trust "Lot 7 according to map entitled 'Subdivision Land of Jean Poole Enderle.' " This is the same property listed as security in the Tant note. The deed of trust contained a power of sale upon default. Cumalander was later named as substitute trustee.

On 30 June 1991, the Tants defaulted in the repayment of the note. The Bank requested that the substitute trustee foreclose on the Enderle deed of trust pursuant to the power of sale. The substitute trustee filed a notice of hearing for foreclosure of a deed of trust on 20 September 1991. A hearing on the substitute trustee's right to proceed with foreclosure was held by the clerk of court on 10 October 1991, and an order authorizing foreclosure was filed 1 November 1991. The Enderles appealed the order to superior court. After hearing arguments from both parties, the superior court signed an order on 15 April 1992, which order authorized foreclosure.

---

The issue is whether a person may execute a valid deed of trust for the debt of another.

The Enderles argue that "the State's public policy will not allow an individual's property to be foreclosed upon unless the

**IN RE FORECLOSURE OF ENDERLE**

[110 N.C. App. 773 (1993)]

individual property owner is personally indebted and in default upon a debt or other obligation owed to the party seeking foreclosure." Thus, the Enderles contend, because they were not indebted to the Bank, the execution of a deed of trust to the Bank securing the debt of the Tants cannot support a foreclosure upon default by the Tants.

A " 'mortgage to secure the debt of a third person, the mortgagor being subject to no obligation, is clearly valid.' " Grant S. Nelson & Dale A. Whitman, *Real Estate Finance Law* § 2.1 (2d ed. 1985) (citation omitted); 9 George W. Thompson, *Commentaries on The Modern Law of Real Property* § 4776 (John S. Grimes ed. 1958) (mortgage valid without personal liability on part of mortgagor); 59 C.J.S. *Mortgages* § 90 (1949) (benefit to third party can constitute consideration for mortgage and "[h]ence, the debt may be the debt of another and the consideration . . . may consist [of] a loan to a third person" (footnotes omitted) ); 55 Am. Jur. 2d *Mortgages* § 146 (1971) ("[m]ortgages may be executed to secure the obligations of third persons" and "[a]n undertaking . . . to be personally responsible for the payment of the debt of the third person is not essential to the validity" (footnotes omitted) ). Therefore, had the deed of trust in question been given as security for the debt of the Tants, the foreclosure would have been valid.

In this instance, however, the deed of trust states that it is given "to secure the payment of" a debt in the amount of $255,000.00 owed by the Enderles to the Bank, as evidenced by a note "made by" the Enderles. There is no reference in the deed of trust to indicate that it is security for a debt of the Tants. Therefore, because, as the Bank admits, the Enderles are not indebted to the Bank, and because the alleged Enderle debt is the one referenced in the deed of trust, the substitute trustee was without authority to foreclose. Simply put, because the deed of trust did not properly "identify the obligation secured," it is invalid. *Walston v. Twiford*, 248 N.C. 691, 693, 105 S.E.2d 62, 64 (1958).

We do not address the issue, because it is not raised, of whether, because the deed of trust may fail to express the true intent of the parties, it should be reformed. *See Durham v. Creech*, 32 N.C. App. 55, 59, 231 S.E.2d 163, 166 (1977) (deed of trust can be reformed upon a showing, by clear and convincing evidence, that a mutual mistake occurred in its drafting); *Ragsdale v. Kennedy*, 22 N.C. App. 509, 511, 207 S.E.2d 301, 303, *rev'd on other grounds*, 286

N.C. 130, 209 S.E.2d 494 (1974) (reformation must be pled with particularity).

Accordingly, the decision of the trial court is

Reversed.

Judges JOHNSON and WYNN concur.