RAINTREE REALTY AND CONSTRUCTION v. KASEY

[116 N.C. App. 340 (1994)]

RAINTREE REALTY AND CONSTRUCTION, INC., (SUBSTITUTE) TRUSTEE, PETITIONER v.
FRANK W. KASEY AND ZELDA KASEY, RESPONDENTS

No. 9328SC879

(Filed 6 September 1994)

### Mortgages and Deeds of Trust § 17 (NCI4th)— foreclosure— home equity line of credit—deed of trust not cancelled by payment by prior owner

The trial court did not err by allowing a foreclosure where respondents, the Wrights, are the present owners of a residence previously owned by the Kaseys; the Kaseys had executed an agreement for a line of credit of $30,000 secured by a deed of trust on the residence; the attorney at the closing when the Wrights purchased the property withheld $30,238.11, the payoff amount obtained in a telephone conversation with the bank; that amount was tendered to the bank through a teller line with "pay off Frank Kasey 437598998" written on the "for" line of the check; the check was not processed until three days later; a balance of $24.34 remained because of interest charges posted in the interim and the account was not closed; Frank Kasey subsequently obtained $13,433.06 from the account at the suggestion of a bank officer to prevent repossession of an automobile and thereafter obtained additional monies from the account until the amount reached $29,090.41; and Kasey subsequently filed bankruptcy. NationsBank was under no statutory obligation to cancel the deed of trust upon payment of the $30,238.11 at the closing and the court correctly applied the law in allowing NationsBank to foreclose through the trustee because the plain statutory language of N.C.G.S. § 45-81(c) reveals that the balance of all outstanding sums must be zero and the borrower must request that the lender make written entry upon the security instrument showing payment and satisfaction. Even though an amount in excess of the maximum line of credit was paid, later loans are also secured by the deed of trust even if all previous debts or obligations have been paid in full until such time as the original security agreement is cancelled. The language on the check may arguably constitute an application for full payment, but can in no way be interpreted as seeking cancellation of the deed of trust.

**Am Jur 2d, Mortgages §§ 137 et seq.**

RAINTREE REALTY AND CONSTRUCTION v. KASEY

[116 N.C. App. 340 (1994)]

Appeal by respondents Giles Wright, Jr. and wife Bren N. Wright and Lincoln Service Corporation from judgment and order entered 20 April 1993 by Judge Marlene Hyatt in Buncombe County Superior Court. Heard in the Court of Appeals 20 April 1994.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Albert L. Sneed, Jr., for petitioner-appellee.*

*Leonard & Biggers, P.A., by William T. Biggers, for respondents-appellants.*

JOHN, Judge.

In this action, respondents Giles Wright, Jr. and wife Bren N. Wright (the Wrights), present owners of a personal residence (the residence) previously owned by initial respondents Frank W. and Zelda Kasey (the Kaseys), challenge the trial court's order allowing foreclosure under a power of sale on the residence by Rainbow Realty and Construction, Inc. as trustee. While we are sympathetic with the predicament of the Wrights, we are constrained to conclude their contentions cannot be sustained.

The material facts of this case are not in dispute. On 17 July 1987, the Kaseys executed a LineOne Equity Agreement (the Agreement) for a line of credit in the amount of $30,000, secured by a deed of trust on the residence. The Agreement was delivered to North Carolina National Bank (subsequently converted to NationsBank and hereinafter referred to as "NationsBank"), which remains the owner and holder thereof.

On 15 March 1991, the Kaseys conveyed the residence (secured by the Nationsbank deed of trust) to the Wrights. The closing attorney, who represented the Wrights and the Kaseys as well as the lender Lincoln Service Corp, withheld $30,238.11 (the Agreement payoff amount obtained in a telephone conversation with NationsBank) and tendered this amount to NationsBank by check dated 15 March 1991. On the "for" line of the check was written "pay off Frank Kasey 437598998." The closing attorney also certified to the title insurance company that all liens had been cancelled. However, the check was delivered through a Nationsbank teller line and was not processed until 18 March 1991. Consequently, a balance of $24.34 remained because of interest charges posted in the interim. As a result, the LineOne account was not closed by reason of the outstanding balance, and remained open until 17 September 1992.

Approximately one month following sale of the residence to the Wrights and apparently upon advice from a NationsBank loan officer, Frank Kasey obtained a cash advance of $13,433.06 from the LineOne account to prevent repossession of his automobile under a separate loan with NationsBank. He thereafter obtained additional monies from the account until the outstanding balance reached $29,090.41. Kasey subsequently filed bankruptcy, and the Bankruptcy Court authorized foreclosure proceedings in state court.

On 20 April 1993, the trial court by order allowed substitute trustee Raintree Realty and Construction, Inc., to proceed with foreclosure against the residence.

The Wrights contend the obligation (debt) secured by the deed of trust could not by terms of the Agreement exceed $30,000, and further that upon payment of $30,238.11, the debt was satisfied. The debt having been satisfied, they continue, the deed of trust was no longer valid. This argument fails for several reasons.

Chapter 45, Article 9, of the General Statutes, entitled "Instruments to Secure Equity Lines of Credit," governs the circumstance *sub judice. See* N.C.G.S. § 45-81 to -84 (1991). Article 9 requires a lender to cancel a deed of trust securing a line of credit only upon fulfillment of two conditions. *First,* when "the balance of all outstanding sums secured by a mortgage or deed of trust . . . is zero, and *second,* upon request by the borrower that the lender "make written entry upon the security instrument showing payment and satisfaction . . . ." G.S. § 45-81(c) (1991). The section further provides that "such security instrument shall remain in full force and effect for the term set forth therein absent the borrower's request for such written entry." *Id.* Thus the plain statutory language reveals *both* conditions must be met before cancellation by a lender is mandated. Unfortunately for the Wrights, neither condition was satisfied in the instant case. We must conclude, therefore, that NationsBank was under no statutory obligation to cancel the deed of trust upon payment of $30,238.11 on 18 March 1991. Consequently, the trial court correctly applied the law in allowing NationsBank, through the trustee, to foreclose upon the residence.

Concerning the first statutory prong, the trial court's order recited as a finding of fact that the balance secured by the deed of trust was not reduced to zero at any time after 15 March 1991. The Wrights' attempt to avoid this difficulty by the argument that although the balance may never have reached zero, payment of an amount in excess

of the maximum line of credit allowed under the Agreement ($30,000) sufficed. To buttress this contention, they point to the principle that the mortgage must "identify the obligation secured," and nothing which is not therein stipulated will be included. *Walston v. Twiford*, 248 N.C. 691, 693, 105 S.E.2d 62, 64 (1958). However, even were we to decide that payment of the obligation amount had the effect of creating a zero balance and satisfying the first statutory requirement, the Wrights' position nonetheless could not be sustained.

The common law rule restated in *Walston* must yield to Article 9 under which a deed of trust securing an equity line of credit possesses:

> the same priority to the extent of all advances secured by it as if the advances had been made at the time of the execution of the . . . deed of trust, *notwithstanding the fact that from time to time during the term of the loan no balance is outstanding.*

G.S. § 45-82 (1991) (emphasis added). The statute therefore unambiguously directs that subsequent advancements, made pursuant to an original agreement establishing a line of credit, must be treated as if made and identified on the date of execution of that original agreement. Consequently, until such time as the original security agreement is cancelled pursuant to G.S. § 45-81(c), later loans are also secured by the deed of trust even if all previous debts or obligations have been paid in full.

Moreover, before NationsBank was required to cancel the deed of trust, the Kaseys (as "borrowers") must also have satisfied the second statutory prong by requesting NationsBank to cancel the deed of trust by means of "written entry upon the security instrument showing payment and satisfaction." G.S. § 45-81(c). The Wrights point to no evidence in the record that any such action was sought. Accordingly, the deed of trust "remain[ed] in full force and effect . . . ." G.S. § 45-81(c). The language "payoff Frank Kasey 437598998" written on the face of the check, while arguably constituting the borrower's application for full payment of the account balance, can in no way be interpreted as seeking cancellation of the deed of trust. Simple payment of an entire existing account balance does not constitute under the statute either notice of a request for cancellation or a request for cancellation itself.

Based on the foregoing, the order of the trial court allowing foreclosure is affirmed.

Affirmed.

Judges WELLS and JOHNSON concur.

Judge WELLS concurred prior to 30 June 1994.