MILDRED PUTNAM, PLAINTIFF V. GREG FERGUSON, TRUSTEE, J. R. DILLARD, TRUSTEE, LESLIE D. FERGUSON, AND WIFE, MARILYN M. FERGUSON, TRANSOUTH FINANCIAL CORPORATION, A SOUTH CAROLINA CORPORATION, TRANSOUTH MORTGAGE CORPORATION, A SOUTH CAROLINA CORPORATION, SUSAN C. LEWIS, TRUSTEE, DEBORAH B. BRIGGS, PERSONALLY AND AS ADMINISTRATRIX OF THE ESTATE OF FRANKLIN ALLEN BRIGGS, JR., AND JACLYN BRIGGS, A MINOR CHILD, DEFENDANTS

No. COA97-1235

(Filed 7 July 1998)

### Mortgages— deed of trust—identity of obligation secured

The trial court erred by granting partial summary judgment for plaintiff in a declaratory judgment action to determine the priority of the lien of a deed of trust where the deed of trust identified Greg Ferguson as the debtor, while a promissory note was from Leslie and Marilyn Ferguson. The deed of trust did not properly identify the obligation secured, is invalid, and plaintiff does not have a valid lien.

Judge WALKER dissenting.

Appeal by defendants TranSouth Financial Corporation, TranSouth Mortgage Corporation, Susan C. Lewis, Deborah B. Briggs, and Jaclyn Briggs, from order entered 30 July 1997 by Judge Robert P. Johnston in Haywood County Superior Court. Heard in the Court of Appeals 12 May 1998.

This is a declaratory judgment action in which the plaintiff, Mildred Putnam, asked the trial court to determine the priority of the lien of a deed of trust held by plaintiff.

On 3 May 1990, plaintiff conveyed by general warranty deed a parcel of land having an address of Suite 5, 1114 Balsam Rd., Waynesville, North Carolina, 28786 to defendant Greg Ferguson, Trustee. Contemporaneously with the delivery of the general warranty deed, Greg Ferguson, Trustee, signed a deed of trust as grantor stating that the "Grantor [Greg Ferguson, Trustee] is indebted to the Beneficiary [Mildred Putnam] in the principal sum of thirty-thousand and no/100 Dollars ($30,000.00) as evidenced by a Promissory Note of even date herewith the terms of which are incorporated herein by reference." Also dated 3 May 1990, Leslie D. Ferguson and Marilyn M. Ferguson executed a promissory note to Mildred Putnam in the amount of $30,000.00. The note indicated it was given "as seller-

provided purchase money for real estate, and is secured by a Deed of Trust which is a first lien upon the property therein described."

By general warranty deed dated 31 May 1991 and recorded 24 July 1991, Greg Ferguson, Trustee, conveyed the same real property to Leslie D. Ferguson and wife, Marilyn M. Ferguson. On the same day, a subordination agreement dated 2 July 1991 and signed by J.R. Dillard, Trustee, and Mildred Putnam, creditor, was also recorded. The subordination agreement recited that the debtors desired to borrow from TranSouth Financial Corp., but that the debtors could only obtain the loan upon the condition that the 3 May 1990 deed of trust be subordinated to the TranSouth deed of trust. Also recorded on the same day was a deed of trust dated 22 July 1991, from Lelie D. Ferguson and wife, Marilyn M. Ferguson, to Susan C. Lewis, Trustee, for TranSouth Mortgage Corp. securing $24,476.82.

Leslie D. Ferguson and Marilyn D. Ferguson defaulted on both the TranSouth note and on their obligation to pay plaintiff. TranSouth instituted foreclosure, and plaintiff received notice of the pending foreclosure sale. Plaintiff made no appearance in the foreclosure proceeding.

On 25 February 1993, Susan C. Lewis, Trustee, conveyed the property by trustee's deed to TranSouth Mortgage Corp. for $29,167.13. On 23 August 1993, TranSouth conveyed the property by special warranty deed to Franklin Allen Briggs, Jr.

Plaintiff filed a complaint on 23 April 1994. However, Franklin Allen Briggs, Jr., a defendant in the suit, died before the action was filed. Plaintiff filed a voluntary dismissal and re-instituted the lawsuit on 25 September 1995 substituting Deborah B. Briggs personally and as Administratrix of the Estate of Franklin Allen Briggs, Jr., and Briggs, Jr.'s minor daughter.

On 31 October 1995, defendants moved to dismiss pursuant to Rule 12(b)(6). On 19 February 1996, plaintiff moved for partial summary judgment on the grounds that there was no issue as to any material fact relating to the validity of the note and deed of trust and that the subordination agreement between plaintiff and defendant TranSouth was invalid.

On 30 July 1997 the trial court denied defendants' motion to dismiss and granted plaintiff partial summary judgment. The trial court concluded that the debt evidenced by the note and deed of trust

**PUTNAM v. FERGUSON**

[130 N.C. App. 95 (1998)]

dated 3 May 1990 secured a valid first lien and that the subordination agreement was invalid. Defendants TranSouth Financial Corporation, TranSouth Mortgage Corporation, Susan C. Lewis, Deborah B. Briggs and Jaclyn Briggs, appeal.

*Killian, Kersten & Patton, PA, by Roy H. Patton, Jr., for plaintiff-appellee.*

*Leonard & Biggers, by William T. Biggers, for defendant-appellants.*

EAGLES, Chief Judge.

We first consider whether the trial court erred in refusing to grant defendants' motion to dismiss and in granting plaintiff's motion for summary judgment. The defendants argue that the trial court erred in finding that the promissory note held by plaintiff was secured by a deed of trust which constituted a valid first lien against the property. Defendants argue that " '[a] mortgage which purports to secure the payment of a debt has no validity if the debt has no existence.' " *Walston v. Twiford*, 248 N.C. 691, 105 S.E.2d 62 (1958) (quoting *Bradham v. Robinson*, 236 N.C. 589, 594, 73 S.E.2d 555, 558 (1952)) (citations omitted). Defendants further argue that "since by definition a mortgage is a conveyance of property to secure the obligation of the mortgagor, it is necessary for the mortgage to identify the obligation secured." *Walston*, 248 N.C. at 693, 105 S.E.2d. at 64. Defendants state that according to the deed of trust, there should be a promissory note from Greg Ferguson, Trustee, to Mildred Putnam, dated 3 May 1990. However, the 3 May 1990 promissory note to plaintiff is signed by Leslie D. and Marilyn M. Ferguson. In this record, there is no promissory note signed by Greg Ferguson, Trustee, and therefore Greg Ferguson was not indebted to plaintiff as recited in the deed of trust. Defendants also contend that where the deed of trust incorrectly states that the grantor in the deed of trust owed the debt and there is no reference in the deed of trust to show it was security for a debt of another person, the obligation secured is not properly identified and the deed of trust is invalid. *In re Foreclosure of Enderle*, 110 N.C. App. 773, 775, 431 S.E.2d 549, 550 (1993). Accordingly, since there was no reference to the Leslie and Marilyn Ferguson note in the deed of trust and there is no evidence that Greg Ferguson as trustee was indebted to plaintiff, defendants argue that plaintiff cannot prevail in her claim that she has a valid lien and her complaint should have been dismissed.

Plaintiff argues that a deed of trust should not be invalid as to third persons because of the uncertainty in the description of the debt intended to be secured, where the debt can be identified through extrinsic evidence. *See Allen v. Stanback*, 186 N.C. 75, 118 S.E. 903 (1923). Here, plaintiff argues that it is clear that the debt existed and Leslie Ferguson was the beneficiary of the deed conveyed to Greg Ferguson, Trustee. Accordingly, plaintiff argues that she did have an enforceable deed of trust and a valid lien.

In *Enderle*, this court stated that "[s]imply put, because the deed of trust did not properly 'identify the obligation secured,' it is invalid." *Id.* at 775, 431 S.E.2d at 550 (quoting *Walston*, 248 N.C. at 693, 105 S.E.2d at 64). Here, the deed of trust identifies Greg Ferguson as the debtor, while the promissory note is from Leslie and Marilyn Ferguson. As in *Enderle*, the deed of trust "did not properly 'identify the obligation secured.' " *Id.* Accordingly, the deed of trust is invalid. Since the deed of trust is invalid, plaintiff does not have a valid lien. Accordingly, we hold that the grant of partial summary judgment is reversed and the action is remanded for entry of dismissal pursuant to Rule 12(b)(6) in favor of defendants.

Reversed and remanded.

Judge HORTON concurs.

Judge WALKER dissents with a separate opinion.

Judge WALKER dissenting.

I respectfully dissent from the majority's conclusion that the deed of trust dated 3 May 1990, which secured a debt evidenced by a promissory note of that same date, was invalid.

The record in this case sets forth the following sequence of events: On 3 May 1990, a general warranty deed was executed in which Mildred Putnam (Putnam) conveyed real property in Waynesville, North Carolina to Greg Ferguson (Attorney Ferguson), an attorney and the nephew of Leslie D. and Marilyn M. Ferguson (the Fergusons). Also on 3 May 1990, a deed of trust was executed by Attorney Ferguson on the same property described in the deed, securing a debt of $30,000.00 "as evidenced by a Promissory Note of even date herewith the terms of which are incorporated herein by reference." Further, on that same date, the Fergusons executed a promis-

PUTNAM v. FERGUSON

[130 N.C. App. 95 (1998)]

sory note to Putnam for $30,000.00, which was given "as seller-provided purchase money for real estate [in Waynesville, North Carolina] and [was] secured by a Deed of Trust which is a first lien upon the property therein described."

As the majority points out, it is clear that a "mortgage to secure the debt of a third person, the mortgagor being subject to no obligation, is . . . valid." *In re Foreclosure of Enderle*, 110 N.C. App. 773, 775, 431 S.E.2d 549, 550 (1993) (citations omitted); *see also* 54A Am. Jur. 2d *Mortgages* § 74 (1996). However, the majority concludes that "because the deed of trust did not properly 'identify the obligation secured,' it is invalid." *Id.* I disagree.

In some jurisdictions, the rule applied states that "the true state or nature of an indebtedness secured by a mortgage need not be disclosed thereby, . . . [and] the validity of a mortgage does not depend on the description or form of the debt, but rather on the existence of the debt that it is given to secure." 54A Am. Jur. 2d *Mortgages* § 79 (1996). Further, as between the parties, "no exact degree of accuracy is required in the description of the debt secured by a mortgage, since it is sufficient if the debt secured is capable of identification and the amount thereof is ascertainable." *Id.* at § 80. Finally, it has been stated that:

> Parol evidence is admissible to identify the note intended to be secured by a mortgage or deed of trust. It is well settled that where a note agrees in some respects with that described in the mortgage, although it differs in others, it may be proved by parol to be the note intended to be described in the mortgage.

*Id.* at § 86; *see also Garmany v. Lawton*, 124 Ga. 876, 882, 53 S.E. 669, 671 (1906).

In this case, when the Fergusons applied for a loan from TranSouth Mortgage Corporation (TranSouth), TranSouth obtained a subordination agreement from Putnam, in which Putnam agreed to subordinate her prior deed of trust to that of TranSouth. The express language of the subordination agreement states that "[whereas, Putnam] has previously loaned to [the Fergusons] the sum of [$30,000.00] evidenced by a Promissory Note dated May 3, 1990, which note is secured by the real property described in a Deed of Trust dated May 3, 1990, and recorded in the Haywood County Register of Deeds Office in Deed of Trust Book 332 at Page 45 . . . ." Further, in this action, neither Attorney Ferguson nor the

Fergusons have answered or otherwise responded to plaintiff's complaint and thus have not contested the validity of the deed of trust. Rather, the only party now contesting the validity of that document is TranSouth, who was not a party to the original transaction, and whose interest is contrary to that of Putnam.

The majority relies upon *In re Foreclosure of Enderle, supra,* as support for the proposition that a deed of trust which is executed as security for the obligation of a third-party must "properly identify the obligation secured" in order for it to be valid. *In re Foreclosure of Enderle,* 110 N.C. App. at 775, 431 S.E.2d at 550. However, it is clear here that the intention of the parties was for Putnam to convey title to the real property to the Fergusons, through their trustee, in exchange for a promissory note in the amount of $30,000.00 and that the promissory note was to be secured by a deed of trust from the Ferguson's nephew, Attorney Ferguson. I believe these facts, taken together, sufficiently identify the debt secured by the deed of trust to be the debt of the Fergusons.

Therefore, I conclude that the deed of trust executed by Attorney Ferguson on 3 May 1990 did "properly identify the obligation secured" and I dissent from the majority's conclusion that it was invalid.