BRYANT, Judge.
Where there was competent evidence in the record to support the trial court's finding of fact that the promissory note presented to the trial court was the obligation described in the deed of trust and that the request that the trustee proceed with foreclosure was made by the holder of the note and deed of trust, we affirm the judgment of the trial court.
On 23 March 2017, Trustee David L. Isenhower sent notification to SDS Investments, LLC, and Haygray, LLC, (collectively, the grantor) of a foreclosure hearing on a deed of trust dated 7 October 2006 securing indebtedness dated 7 November 2006 for the original principal amount of $109,500.00. The promissory note and the deed of trust were held by McKinley Sherrill, Jr., James C. Sherrill, and Gwendolyn Sherrill Ijames (the noteholders). The noteholders' notification of foreclosure proceedings asserted that "[the grantor] ha[d] defaulted under the terms of the [Promissory] Note by failing to make the payments called for in the [Promissory] Note."
Following a hearing before the Catawba County Clerk of Superior Court, the Clerk of Court entered an order finding that the Trustee could proceed to foreclose on the property by power of sale. The grantor filed a notice of appeal to Catawba County Superior Court.
On 25 September 2017, the matter came on to be heard in Catawba County Superior Court before the Honorable F. Donald Bridges, Judge presiding. The day following the hearing, 26 September 2017, the court entered an order which included the following findings: 1) McKinley Sherrill, Jr., James C. Sherrill, and Gwendolyn Sherrill James were the holders of the promissory note and deed of trust and the balance due on the promissory note and deed of trust constituted a valid debt; 2) the party seeking to foreclose produced in open court the original promissory note secured by the deed of trust in question; "3[ ) ] ... the Deed of Trust in this case sufficiently describe[d] the related obligation to being one and the same of the Promissory Note that bears the handwritten date on the top, right corner penciled in of '11/7/2006' "; 4) the promissory note was in default and the deed of trust securing it gave the noteholder the right to foreclose by power of sale; 5) McKinley Sherrill, Jr., has requested the trustee to proceed with foreclosure on behalf of himself and the remaining note holders pursuant to a duly executed power-of-attorney; 6) notice was served on each party entitled to notice; and 9) "the debtors have shown no valid legal reason why foreclosure should not commence." The superior court ordered that the trustee was authorized to proceed with the foreclosure. The grantor appeals.
_________________________
On appeal, the grantor argues that the trial court erred by determining (I) that the deed of trust gave the right to foreclose for default of a promissory note dated 7 November 2006 and (II) that promissory note holders McKinley Sherrill, Jr., Gwendolyn Ijames, and James C. Sherrill were proper parties to request that the trustee proceed with foreclosure pursuant to the deed of trust.
Standard of Review
"[T]he applicable standard of review on appeal where, as here, the trial court sits without a jury is whether competent evidence exists to support its findings of fact and whether the conclusions reached were proper in light of the findings." Walker v. First Fed. Sav. & Loan , 93 N.C. App. 528, 532, 378 S.E.2d 583, 585 (1989) (citation omitted).
I
First, the grantor argues that the trial court erred by finding the deed of trust gave the right of foreclosure for a default on a promissory note dated 7 November 2006. The grantor specifically argues that because the deed of trust is dated 7 October 2006 and refers to "a promissory Note of even date herewith," the deed of trust does not sufficiently describe the promissory note dated 7 November 2006 as pertaining to the obligation secured. We disagree.
A mortgage is a conveyance by a debtor to his creditor, or to some one in trust for him, as a security for the debt.
....
Since by definition a mortgage is a conveyance of property to secure the obligation of the mortgagor, it is necessary for the mortgage to identify the obligation secured.
Walston v. Twiford , 248 N.C. 691, 693, 105 S.E.2d 62, 64 (1958) (citations omitted). "[Where] the deed of trust d[oes] not properly identify the obligation secured, it is invalid." In re Foreclosure of Enderle , 110 N.C. App. 773, 775, 431 S.E.2d 549, 550 (1993) (citation omitted).
As persuasive authority, the grantor cites In re Head Grading Co., Inc. , 353 B.R. 122 (Bankr. E.D.N.C. 2006). In Head Grading , the United States Bankruptcy Court for the Eastern District of North Carolina considered a motion for summary judgment by a trustee seeking avoidance of a lien on property held by a debtor. In ruling to grant summary judgment in favor of the trustee, the Bankruptcy Court observed that the deed of trust-dated 28 July 1998-referred to an instrument "of even date herewith," but the promissory note held by Mrs. Head was dated 29 July 1998. Id. at 124. The Bankruptcy Court in its order reasoned that
[w]hile it is likely that the deed of trust was meant to identify the note dated July 29, 1998, it did not properly and specifically identify the obligation secured. ... [T]he clarity and certainty in lien perfection requirements would be lost if the court were to allow exceptions to the general rule created by the North Carolina courts regarding the specificity with which the obligation secured by a deed of trust must be identified.
Id. The grantor argues the ruling in Head Grading was based on materially indistinguishable facts vis-à-vis the instant case. We disagree.
We note another Eastern District Bankruptcy Court order considering the sufficiency of the description of an obligation secured in a deed of trust- In re Willows II, LLC , 485 B.R. 528 (Bankr. E.D.N.C. 2013). In Willows II , as in Head Grading , the date on the promissory note evidencing the obligation was different that the date described in the deed of trust. Noting the principle that "[a] deed of trust must therefore 'identify the obligation secured' to be valid," id. at 532 (quoting Walston , 248 N.C. at 693, 105 S.E.2d at 64 ), the Willows II Court pondered
[u]nder what circumstances does a deed of trust fail to "properly" or "specifically" identify the secured obligation? North Carolina state and bankruptcy courts have addressed this issue on numerous occasions. See Walston , 248 N.C. at 691-93, 105 S.E.2d at 62-64 ; Allen v. Stainback , 186 N.C. 75, 77, 118 S.E. 903, 904 (1923) ; Harper v. Edwards , 115 N.C. 246, 246-48, 20 S.E. 392, 392-93 (1894) ; In re Bright's Creek Lot 71, LLC , 2012 WL 4892868, at *3, 2012 N.C. App. LEXIS 1175, at *6-8 (Oct. 16, 2012) ; In re Hall , 708 S.E.2d at 177 ; Putnam v. Ferguson , 130 N.C. App. 95, 97-98, 502 S.E.2d 386, 388 (1998) ; Enderle , 110 N.C. App. at 774-75, 431 S.E.2d at 549-50 ; Tobacco Square LLC v. Putnam County Bank (In re Tobacco Square LLC) , 2012 WL 5305806, at *3, 2012 Bankr. LEXIS 5177, at *8-9 (Bankr. M.D.N.C. Oct. 26, 2012) ; Beckhart v. Nationwide Trustee Serv. Inc. (In re Beckhart) , 2011 WL 5902598, at *2-7, 2011 Bankr. LEXIS 4622, at *6-21 (Bankr.E.D.N.C. July 21, 2011), aff'd , Beckhart v. Nationwide Tr. Serv. Inc. , 2012 WL 3648105, at *3-9, 2012 U.S. Dist. LEXIS 120132 (E.D.N.C. Aug. 21, 2012) ; Oliver v. Smith (In re Willams) , 2010 WL 1440892, at *3, 2010 Bankr. LEXIS 1272, at *5-10 (Bankr.E.D.N.C. Apr. 9, 2010) ; Easthaven Marina , 2009 WL 703383, at *2-4, 2009 Bankr. LEXIS 658, at *4-10 ; Den-Mark Constr., Inc. v. Wachovia Bank N.A. (In re Den-Mark Const., Inc.) , 398 B.R. 842, 851-56 (Bankr.E.D.N.C.2008) ; Beaman v. Head (In re Head Grading Co.) , 353 B.R. 122, 123-24 (Bankr.E.D.N.C.2006).
Out of these cases, the court is aware of only two North Carolina state court decisions to hold that a deed of trust did not properly identify the obligation secured. Ferguson , 130 N.C. App. at 97-98, 502 S.E.2d at 388 ; Enderle , 110 N.C. App. at 774-75, 431 S.E.2d at 549-50.... [B]oth deeds of trust in Ferguson and Enderle apparently failed to contain any information indicating that they secured the debt owed by the persons named on the note produced by the creditor.
Id. at 533 (first emphasis added) (citation omitted). The Willows II Court went on to clarify the reasoning in Head Grading , 353 B.R. 122. In Head Grading , the date discrepancy between the description in the deed of trust and date actually listed on the promissory note was determinative where the transaction was between family members. "[I]t would not be uncommon for several notes of different dates to exist among family members" making it more difficult to identify the underlying obligation as there was the potential for multiple obligations between the parties. Willows II , 485 B.R. at 534 (quoting Beckhart v. Nationwide Tr. Serv. Inc. (In re Beckhart) , 2011 WL 5902598, at *4 n. 3, 2011 Bankr. LEXIS 4622, at *12-13 n. 3 ).
[However,] North Carolina law does not require a deed of trust to use any particular piece of information to identify the underlying debt. ... [M]erely because the Deed of Trust fails to reference the date of the Promissory Note does not per se invalidate the Deed of Trust. ... Rather, the court focuses on whether the identifying information contained in the deed of trust (whatever that information may be) specifically identifies the underlying debt and is consistent with the underlying debt.
Id. at 534-35 (quoting Beckhart , 2012 WL 3648105, at *4, 2012 U.S. Dist. LEXIS 120132 at *12-13 ).
Returning to the facts before this Court, we note that during the 25 September 2017 hearing, the grantor argued that the deed of trust was dated 7 October 2006 and did not secure the promissory note dated 7 November 2006. The grantor noted that the language from the deed of trust states "Witnessth, That whereas the Grantor is indebted to the Beneficiary in the principal sum of $109,500, as evidenced by a Promissory Note of even date herewith ...." (emphasis added). The grantor then argued that the promissory note dated 7 November 2006 was not of even date herewith as to the deed of trust dated 7 October 2006. In response, the trustee argued that the differences in the date were not dispositive: The deed of trust and the promissory note were both acknowledged by the notary public on the same date, 7 November 2006.
Following the hearing, the trial court found that the Deed of Trust sufficiently described the promissory note evidencing the debt secured. The court noted that "the Deed of Trust was actually acknowledged before a notary public on November 7, 2006[,]" the same date written on the Promissory Note.
Therefore, the record provides competent evidence to support the trial court's finding that the deed of trust properly identified the obligation secured by the promissory note. See Walker , 93 N.C. App. at 532, 378 S.E.2d at 585. Accordingly, we overrule the grantor's argument.
II
The grantor next argues the trial court erred by finding that McKinley Sherrill, Jr., Gwendolyn Ijames, and James C. Sherrill were holders of a valid debt. More specifically, the grantor contends that there was no evidence presented to show an assignment of interest from McKinley Sherrill, Sr. (original beneficiary of the deed of trust and original holder of the promissory note), to McKinley Sherrill, Jr., Gwendolyn Ijames, and James C. Sherrill, current holders of the deed of trust and promissory note. Grantor continues the previous argument that the obligation presented by the current note holders does not meet the description set forth in the deed of trust, and further contends the trial court's 26 September 2017 order granting the trustee the authority to proceed with foreclosure under the deed of trust should be reversed. We disagree.
The evidence presented below was that the property at issue was initially owned by McKinley Sherrill, Sr. Exhibits showed that on 9 November 2006, the Register of Deeds recorded a General Warranty Deed conveying the property from McKinley Sherrill, Sr., to SDS Investments, LLC, as well as a purchase money deed of trust and a quitclaim deed. Thereafter, McKinley Sherrill, Sr., assigned a one-half interest in the deed of trust and promissory note to his son McKinley Sherrill, Jr. This assignment was recorded with the Register of Deeds and a certified copy of the record was admitted before the court. McKinley Sherrill, Jr., then assigned his one-half interest to himself and his two siblings, Gwendolyn Sherrill Ijames and James C. Sherrill in equal parts. In January 2016, McKinley Sherrill, Sr., died still owning a one-half interest in the promissory note and purchase money deed of trust. McKinley Sherrill, Jr., qualified as executor of his father's estate and equally distributed Sherrill, Sr.'s one-half interest to Sherrill, Sr.'s three children. On 8 May 2017, McKinley Sherrill, Jr., filed an affidavit of default against SDS Investments, LLC with the Catawba County Clerk of Superior Court. In his affidavit, McKinley Sherrill, Jr., on behalf of himself and his siblings, stated that the promissory note dated 7 November 2006 was secured by a deed of trust and provided for monthly payments of $784.49 beginning 1 December 2006 with a final balloon payment due 1 November 2011. The balloon payment had not been made and only one payment had been made since 1 November 2011. "The current principal balance [wa]s $93,283.24. The current amount of accrued interest [wa]s $30,481.92 with a total amount due of $123,765.16 as of May 2, 2017." During the hearing, the grantor challenged the authority of McKinley Sherrill, Jr. (the only one of Sherrill, Sr.'s children in court) to direct the trustee to proceed to foreclosure on behalf of his siblings. McKinley Sherrill, Jr., testified before the court and provided a power of attorney granted by Gwendolyn Sherrill Ijames and James C. Sherrill for McKinley Sherrill, Jr., to represent them as grantee.
In its 26 September 2017 order, the court found "McKinley Sherrill, Jr., James C. Sherrill, and Gwendolyn Sherrill Ijames are the holders of a Promissory Note and Deed of Trust and the balance due on the Note and Deed of Trust constitutes a valid debt to McKinley Sherrill, Jr., James C. Sherrill, and Gwendolyn Sherrill Ijames."
As this evidence was competent and supported the trial court's finding of fact that the note holders were proper parties, see Walker , 93 N.C. App. at 532, 378 S.E.2d at 585, we overrule this argument.
Conclusion
Where the trial court's order authorizing foreclosure is supported by competent evidence in the record, we affirm the order of the trial court.
AFFIRMED.
Report per Rule 30(e).
Judges HUNTER, JR., and ARROWOOD concur.